**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 640.]**

THE STATE EX REL. BAKER ET AL., APPELLANTS, *v.* STATE PERSONNEL BOARD OF REVIEW ET AL., APPELLEES.

**[Cite as *State ex rel. Baker v. State Personnel Bd. of Review*, 1999-Ohio-328.]**

*Mandamus to compel State Personnel Board of Review and Columbiana County Auditor to reinstate relators to their classified employment with the auditor—Writ of prohibition to prevent State Personnel Board of Review from conducting any further proceedings in relators' case—Complaint for writs of mandamus and prohibition dismissed, when.*

(No. 98-2570—Submitted May 18, 1999—Decided June 16, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-886.

_____

{¶ 1} In March 1991, the newly elected Columbiana County Auditor, appellee herein, fired appellants, Judy Baker and Bonnie Johnson, both of whom had worked for the auditor's predecessor. Baker and Johnson appealed their terminations to appellee State Personnel Board of Review ("SPBR"). Following a hearing, an SPBR administrative law judge ("ALJ") issued a report finding that Baker and Johnson were unclassified employees because they were fiduciaries to the auditor under R.C. 124.11(A)(9) and were deputy county auditors under R.C. 124.11(A)(4).[1] The ALJ found it unnecessary to determine whether Baker and

_____

1. R.C. 124.11(A) provides:

"The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

" * * *

"(4) The * * * deputy county auditors;

" * * *

"(9) * * * those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials or county administrator * * *."

Johnson were also unclassified employees on the additional basis of an administrative relationship to the auditor under R.C. 124.11(A)(9). Based on his findings, the ALJ recommended that Baker and Johnson's appeal be dismissed, since the SPBR lacked jurisdiction over unclassified employees. The SPBR adopted the ALJ's report and recommendation and dismissed Baker and Johnson's appeal. On appeal, the Franklin County Court of Common Pleas affirmed the SPBR's decision.

{¶ 2} Upon further appeal, however, the Franklin County Court of Appeals reversed the judgment of the common pleas court and remanded the cause for further proceedings. *Baker v. Hadley* (June 6, 1995), Franklin App. Nos. 94APE10-1550, 94APE10-1551, and 94APE10-1552, unreported, 1995 WL 347876, discretionary appeal not allowed (1995), 74 Ohio St.3d 1422, 655 N.E.2d 742. It determined that the common pleas court abused its discretion in upholding the SPBR's decision that Baker and Johnson were unclassified employees pursuant to the R.C. 124.11(A)(4) deputy county auditor exemption and the R.C. 124.11(A)(9) fiduciary exemption.

{¶ 3} On remand, the common pleas court granted the auditor's motion to remand the case to the SPBR so that the board could determine whether Baker and Johnson "were, at the time of their discharge, employees holding an administrative relationship to [the] Columbiana County Auditor under R.C. 124.11(A)(9)." Baker's and Johnson's appeals from the common pleas court's remand order were dismissed for lack of a final appealable order, and we refused to consider their discretionary appeals. *Baker v. Hadley* (1997), 80 Ohio St.3d 1437, 685 N.E.2d 546; *Johnson v. Hadley, id.* In July 1998, the SPBR ordered that a supplemental hearing be held in the case.

{¶ 4} Shortly thereafter, Baker and Johnson filed a complaint in the court of appeals for a writ of mandamus to compel SPBR and the auditor to reinstate them to their classified employment with the auditor and for a writ of prohibition

to prevent the SPBR from conducting any further proceedings in the case. The court of appeals granted SPBR's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*Stewart Jaffy & Associates Co.*, *L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellants.

*Betty D. Montgomery*, Attorney General, and *Peter M. Thomas*, Assistant Attorney General, for appellee State Personnel Board of Review.

_____

*Per Curiam.*

{¶ 6} Baker and Johnson assert in their propositions of law that the court of appeals erred in dismissing their claims for extraordinary relief in prohibition and mandamus. For the reasons that follow, we find that these assertions are meritless and affirm the judgment of the court of appeals.

{¶ 7} Baker and Johnson initially contend that they are entitled to a writ of prohibition because SPBR patently and unambiguously lacks jurisdiction to proceed. If an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292. Baker and Johnson claim that the court of appeals' 1995 judgment in their case conclusively established that they were classified employees of the auditor and that that judgment is the law of the case on whether the R.C. 124.11(A)(9)[2] exemption applies.

_____

2. Civil service employees are either classified or unclassified. *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 277, 690 N.E.2d 1267, 1269. An unclassified employee is appointed at the discretion of the appointing authority and serves at the pleasure of that authority.

**{¶ 8}** Under the law-of-the-case doctrine, the " 'decision of a reviewing court in a case remains the law of that case *on the legal questions involved* for all subsequent proceedings in the case at both the trial and reviewing levels.' " (Emphasis added.) *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 518, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2-3, 462 N.E.2d 410, 412.

**{¶ 9}** In its 1995 decision, the court of appeals resolved only the applicability of the R.C. 124.11(A)(4) deputy county auditor exemption and the R.C. 124.11(A)(9) fiduciary exemption. It did not resolve the applicability of the R.C. 124.11(A)(9) administrative exemption. Contrary to Baker and Johnson's assertions, we have held that the fiduciary and administrative exemptions contained in R.C. 124.11(A)(9) are not a single exemption such that resolution of the applicability of one necessarily determines the applicability of the other. They are two distinct exemptions. See *State ex rel. Charlton v. Corrigan* (1988), 36 Ohio St.3d 68, 70, 521 N.E.2d 804, 806, where we noted that under R.C. 124.11(A)(9), "there are two types of relationships which would provide exemption from civil service. One is the administrative relationship, while the other is the fiduciary relationship."

**{¶ 10}** Baker and Johnson further claim in their reply brief that the law-of-the-case doctrine applies because the auditor *could have raised* the issue of the applicability of the R.C. 124.11(A)(9) administrative exemption in appellants' previous administrative appeal. See *Pipe Fitters*, 81 Ohio St.3d at 218, 690 N.E.2d at 518-519 ("the doctrine of law of the case precludes a litigant from attempting to rely on new arguments on retrial which could have been pursued in a first appeal * * * "); *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659

---

*State ex rel. Hunter v. Summit Cty. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 453, 692 N.E.2d 185, 188.

N.E.2d 781, 784; *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 191, 525 N.E.2d 20, 24.

{¶ 11} Unlike the foregoing cases, however, the auditor *did* raise the administrative-exemption issue, but SPBR chose to find in the auditor's favor on other grounds, without reaching the issue. The auditor, who prevailed at the SPBR, was not "adversely affected" by the SPBR decision so as to have standing to appeal to raise the applicability of the R.C. 124.11(A)(9) administrative exemption. R.C. 119.12; *In re Termination of Employment of Pratt* (1974), 40 Ohio St.2d 107, 69 O.O.2d 512, 321 N.E.2d 603, paragraph one of the syllabus. The subsequent administrative appeal to the common pleas court was restricted to determining whether SPBR's decision was supported by reliable, probative, and substantial evidence, and was in accordance with law, and the further appeal to the court of appeals was limited to a determination of whether the common pleas court had abused its discretion. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750-751. These facts render the case sufficiently distinct from the authority cited by appellants to make the law-of-the-case doctrine inapplicable. In this regard, we note that the doctrine is a " 'rule of practice * * * and will not be applied so as to achieve unjust results.' " *Hubbard ex rel. Creed*, 74 Ohio St.3d at 404, 659 N.E.2d at 783, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3-4, 11 OBR 1, 2-3, 462 N.E.2d 410, 412-413.

{¶ 12} Therefore, SPBR is not acting contrary to the mandate of any superior tribunal because the court of appeals never conclusively determined in its 1995 decision whether appellants were subject to the R.C. 124.11(A)(9) administrative exemption. The requirement to abide by the mandate of a superior tribunal is the portion of the law-of-the-case doctrine that is applicable in extraordinary writ cases. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 553. The same court of appeals that issued the 1995 decision that Baker and Johnson rely upon rejected their claim for extraordinary

relief based on the law of the case. That court was in the best position to determine whether its 1995 mandate was being followed by the common pleas court and SPBR. In fact, SPBR *is* acting pursuant to the express mandate of a superior tribunal, *i.e.*, the common pleas court, by holding further proceedings in the case. Consequently, SPBR does not patently and unambiguously lack jurisdiction to proceed, and Baker and Johnson are not entitled to a writ of prohibition.

{¶ 13} In addition, Baker and Johnson are not entitled to a writ of mandamus to compel their reinstatement to their claimed classified employment with the auditor because there has been no final determination that they were wrongfully excluded from that employment. Before an extraordinary writ will issue to compel a classified employee's reinstatement, there must be a final determination in an appeal from the SPBR or other quasi-judicial authority that the employee was wrongfully excluded from employment. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 208, 648 N.E.2d 823, 825-826; *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 476, 605 N.E.2d 37, 41.

{¶ 14} Therefore, SPBR may proceed with its determination of whether the R.C. 124.11(A)(9) administrative exemption to the classified service is applicable, and Baker and Johnson have an adequate remedy by appealing any adverse SPBR decision. *Weiss*, 65 Ohio St.3d at 474, 605 N.E.2d at 40. Extraordinary relief is not available as a substitute for civil service appeals. *Nichols*, 72 Ohio St.3d at 209, 648 N.E.2d at 826; see, also, *State ex rel. Fenwick v. Finkbeiner* (1995), 72 Ohio St.3d 457, 459-460, 650 N.E.2d 896, 898.

{¶ 15} Based on the foregoing, the court of appeals properly dismissed appellants' complaint for writs of mandamus and prohibition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____