OPINION
Gene's Citgo, Inc., appellant, appeals a judgment of the Franklin County Court of Common Pleas, which rendered a decision in favor of appellee, City of Ashland. The court reversed a decision by the Ohio Liquor Control Commission ("commission"), which granted appellant's request for a transfer of two liquor permits. We reverse the trial court's decision.
In May 1997, Carl Krantz purchased a gas station, Gene's Citgo, situated on the corner of Claremont Avenue and Smith Road in Ashland, Ohio. The gas station is located within close proximity to an elementary school and two churches. On September 23, 1997, appellant filed an application for the transfer of location and ownership of two liquor permits for the gas station. The two churches, Southview Grace Brethren Church and Christian United Methodist Church, along with Ashland City Council and Ashland City Schools, filed objections to the transfer of the permits.
On January 5, 1998, a hearing was held before a hearing officer for the commission. During the hearing, several witnesses testified against the proposed transfer of the permits. Pastor Larry Edwards, from Southview Grace Brethren, testified that he opposed the issuance of the permits because "it sends a wrong message to the youth of the community of Ashland." Pastor Edwards commented that, if the permits were allowed, young people attending church activities might witness customers purchasing alcohol products at the gas station. Pastor Tom Snyder, from Christ United Methodist, expressed a concern that if the permits were granted "people going to church can visualize other citizens of Ashland actually purchasing beer and alcohol [and that] [t]his is not a proper undertaking in such close proximity to the church."
James Wilkes, a Superintendent of the Ashland City Schools, testified that the School Board of Ashland had a zero tolerance policy concerning alcohol consumption by students and faculty. Wilkes was concerned that if the permits were granted, "young people could actually visualize persons purchasing alcohol beverages and perhaps even consuming them within their view." Wilkes also expressed concern that school children "might be victimized by either drunk drivers or increased traffic as customers go to and from the applied for permit premises to purchase alcoholic beverages." Steve Brown, the principal of the elementary school located next to the gas station, also testified that his chief concern was that an increase in traffic flow would negatively impact the safety of children walking past the gas station.
Chief William Miracle, the Chief of Police for the Ashland Police Department, testified that more traffic accidents occur at the intersection where the gas station is located than any other intersection in the city of Ashland. Chief Miracle stated that "[a]ny increase in traffic in the area would bring potential for increased pedestrian problems." Chief Miracle further stated that granting the liquor permits to a location close to an elementary school "sends the wrong message to school children."
Krantz was the only individual who testified in favor of granting the transfer of the liquor permits to the gas station. Krantz testified that the gas station would remain primarily a gas station even though he hoped to build a larger building that would include a convenience store and a "Blimpie" franchise. Evidence was also presented that a Rite Aid pharmacy, located next to the gas station, had a liquor permit. When asked about the pharmacy, Pastor Snyder testified that his church "has had no problems with Rite Aid" and that he "wasn't aware that Rite Aide (sic) had a beer carryout permit." Pastor Snyder also testified that a restaurant with a liquor permit located near the church has "never caused problems for the church."
On February 26, 1998, William L. Vasil, Superintendent of the Department of Commerce, Division of Liquor Control ("superintendent"), issued an order denying the transfer of the liquor permits. The superintendent found that "substantial interference with public decency, sobriety, peace or good order would result" from the granting of the permits. The superintendent further found that:
 The issuance of the permit[s] would burden police resources and create an unsafe environment and a greater risk of harm to these individuals from increased traffic and the likelihood of more accidents at the intersection. There is also a present problem with broken bottles, beer cans, and other trash and debris on the property of the Taft Elementary School; the issuance of the permit[s] would also increase litter problems in the area.
Appellant appealed the superintendent's decision to the commission, and on July 15, 1998, the commission held a hearing. The record and exhibits admitted at the previous hearing were admitted at the hearing before the commission. The only individual to testify at the commission's hearing was Krantz. He testified that on June 1, 1998, the City of Ashland had approved his building plans for the convenience store. Krantz further testified the reason why he was building a convenience store within the gas station was:
 *** [t]he gas industry has come to find out that convenient stores and fast food do a great job of selling gas. And that is our primary function there is to sell gasoline.
***
 So our primary function there, of course, is to sell gasoline, the Blimpy's franchise and the [convenience store]. The beer permit I'm requesting is a matter of being part of a convenient store.
On July 23, 1998, the commission reversed the superintendent's decision. The City of Ashland, appellee, appealed the commission's decision to the Franklin County Court of Common Pleas. On June 11, 1999, the court reversed the commission's decision and reinstated the superintendent's decision. The court found that the commission's decision was not "supported by reliable, probative and substantial evidence, and is [not] in accordance with law." Appellant appeals this decision and presents the following two assignments of error:
 I. THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE LIQUOR CONTROL COMMISSION ORDER REVERSING THE DECISION OF THE SUPERINTENDENT OF THE DIVISION OF LIQUOR CONTROL WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
 II. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BECAUSE ITS REVERSAL OF THE LIQUOR COMMISSION ORDER WAS PREDICATED IN PART UPON A FINDING THAT ISSUANCE OF A C-2-2X LIQUOR PERMIT TO APPELLANT WOULD SUBSTANTIALLY INTERFERE WITH THE NORMAL, ORDERLY CONDUCT OF THE OBJECTING CHURCHES AND SCHOOL, WHICH OBJECTIONS WERE OVERRULED BY THE LIQUOR CONTROL COMMISSION AND NOT APPEALABLE TO THE LOWER COURT BY THOSE INSTITUTIONS.
Appellant argues in its first assignment of error that the trial court erred when it found that the commission's decision was not supported by reliable, probative, and substantial evidence and was not in accordance with law. We agree.
The standard of review for the court of common pleas for an administrative appeal is given in R.C. 119.12, which states in part:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence. Crowe v. State Bd. ofEducation (Oct. 26, 1999), Franklin App. No. 99AP-78, unreported, discretionary appeal not allowed (2000), 88 Ohio St.3d 1437. The common pleas court is restricted to determining whether an administrative agency's decision "was supported by reliable, probative, and substantial evidence, and was in accordance with law, and the further appeal to the court of appeals [is] limited to a determination of whether the common pleas court had abused its discretion." State ex rel. Baker v. State Personnel Bd. of
Review (1999), 85 Ohio St.3d 640, 643.
 "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion `*** implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' *** Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.
 "The fact that the court of appeals *** might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." [Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261.]
R.C. 4303.292(A) allows the division of liquor control to:
 *** refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of any retail permit issued under this chapter if it finds:
***
(2) That the place for which the permit is sought:
***
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation thereunder by the applicant.
R.C. 4303.292(B) also provides that:
 The department of liquor control may refuse to issue or transfer the ownership of, and shall refuse to transfer the location of any retail permit issued under this chapter if it finds:
 (1) That the place for which the permit is sought is so situated with respect to any school, church, library, public playground, or hospital that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of those facilities or institutions.
A review of the evidence shows reliable, probative, and substantial evidence supports a finding that the transfer of the liquor permits to appellant would not: (1) substantially interfere with public decency, sobriety, peace, or good order, and/or (2) substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of any school, church, library, public playground, or hospital. Appellant presented evidence establishing: (1) that the Rite Aid pharmacy, located next to the gas station, has sold alcohol for twenty years without any complaints (in fact, a representative from one of the churches testified that he was unaware that the pharmacy had a liquor permit); (2) that appellee approved appellant's expansion of the gas station to include a convenience store; (3) that alcohol sales would only amount to three percent of the total gross sales of the gas station; (4) that only twenty to thirty-five students used the crosswalk at the intersection by the gas station; and, (5) that the majority of the liquor sales would occur on Friday evenings and Saturdays when the elementary school was not in session.
Additionally, we note that general, speculative evidence that may be applicable as an argument against most permit applications is insufficient to establish substantial interference with public decency, sobriety, peace or good order. Beck v. OhioLiquor Control Comm. (Nov. 2, 1999), Franklin App. No. 98AP-1464, unreported. "[G]eneral speculation that traffic and accidents will increase with the issuance of the permits is insufficient to meet the requirements of `substantial interference' under R.C.4303.292(A)(2)(c)." Service Station Holdings v. Liquor ControlCommission (June 27, 1996), Franklin App. No. 96APE01-22, unreported, discretionary appeal not allowed (1996), 77 Ohio St.3d 1492. Upon review, the numerous arguments opposed to the transfer of the permits illustrate that they are speculative in nature because they are based upon the belief of what could occur with the transfer of the liquor permits. While citizens' concerns should be considered, "legal matters are determined by facts, not beliefs or desires." Kabatek v. City of North Royalton CityCouncil (Jan. 8, 1998), Cuyahoga App. No. 71942, unreported.
Accordingly, we find that the common pleas court abused its discretion because reliable, probative, and substantial evidence supports the commission's decision to reverse the decision by the Superintendent of the Department of Commerce, Division of Liquor Control. Appellant's first assignment of error is sustained.
Appellant argues in its second assignment of error that the trial court erred in its decision because the court considered objections by the two churches and the elementary school. Because of our disposition of appellant's first assignment of error, we do not need to address this issue because it is moot. See App.R. 12(A)(1)(c).
Appellant's first assignment of error is sustained, and appellant's second assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is reversed, and we affirm the decision of the Ohio Liquor Control Commission.
Judgment reversed.
 _______________________ BROWN, J.
BOWMAN, P.J., and DESHLER, J., concur.