OPINION
Appellants, Bonnie Johnson, deceased, and Dennis Johnson, the administrator of the decedent's estate, appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review ("SPBR") dismissing decedent's appeal and denying the motion of the administrator of decedent's estate to substitute himself as appellant in decedent's appeal to SPBR. Appellants raise the following seven assignments of error:
 1. The Common Pleas Court erred in applying the incorrect standard of review of the SPBR decision.
 2. Assuming arguendo that an abuse of discretion standard is applied, the Common Pleas Court erred in failing to find that SPBR abused its discretion.
 3. The Common Pleas Court erred in failing to find that the SPBR Order is not supported by reliable, probative, and substantial evidence and is contrary to law.
 4. The Common Pleas Court erred in failing to find that SPBR misapplied O.A.C. 124-11-06(A), in ruling that Mrs. Johnson's Executor or Administrator failed to file a motion for substitution within a reasonable period of time following Mrs. Johnson's death, when the rule instead requires that a matter be "held open" a reasonable time to permit the filing of a motion for substitution.
 5. The Common Pleas Court erred in failing to find that O.A.C. 124-11-06(A) does not provide for dismissal of an action.
 6. The Common Pleas Court erred in failing to find that the application to substitute the administrator of the estate was filed within a reasonable time.
 7. The Common Pleas Court erred in failing to reverse the SPBR decision to dismiss Ms. Johnson's claim, order SPBR to permit substitution by the Administrator and consider the merits of Ms. Johnson's claim.
This appeal has a lengthy procedural history that has its origins in the election of a new Columbiana County Auditor in November 1990. As one of her first actions upon taking office in March 1991, the newly elected auditor, appellee herein, discharged several long-term employees of the auditor's office. Decedent and Judy Baker were among the employees discharged. Decedent and Baker appealed their terminations to SPBR arguing that they were classified employees. Following a hearing, an SPBR Administrative Law Judge ("ALJ") issued a report finding that decedent and Johnson were unclassified employees because they were fiduciaries to the auditor under R.C. 124.11(A)(9) and were deputy county auditors under R.C. 124.11(A)(4). The ALJ found it unnecessary to reach the question of whether decedent and Baker were also unclassified employees because they held administrative relationships to the auditor under R.C. 124.11(A)(9). Based on his findings, the ALJ recommended that decedent's and Baker's appeals be dismissed. On October 23, 1991, SPBR issued an order adopting the ALJ's report and recommendations, and dismissing decedent's and Baker's appeals. Decedent and Baker appealed to the Franklin County Court of Common Pleas, which affirmed SPBR's determination.
Decedent and Baker then appealed to this court. In Baker v. Hadley (June 6, 1995), Franklin App. No. 94APE10-1550, unreported, we determined that the common pleas court had abused its discretion in upholding SPBR's decision that Baker and Johnson were unclassified employees pursuant to the R.C. 124.11(A)(4) deputy county auditor exemption and the R.C.124.11(A)(9) fiduciary exemption. Accordingly, we reversed and remanded the matter to the court of common pleas.
On remand, the common pleas court granted appellee's motion to remand the case to SPBR so that the board could determine whether either decedent or Baker, at the time of their discharge, held an "administrative relationship" to the Columbiana County Auditor for purposes of R.C. 124.11(A)(9). Decedent and Baker appealed the court of common pleas' remand order to this court and we dismissed the appeal for lack of a final appealable order on June 26, 1997.
On July 6, 1998, SPBR scheduled a supplemental hearing for October 8, 1998, on the issue of whether decedent or Baker, at the time of their discharge, held an "administrative relationship" to the Columbiana County Auditor for purposes of R.C. 124.11(A)(9). On July 10, 1998, decedent and Baker brought an original action in this court seeking a writ of mandamus to compel SPBR and the auditor to reinstate them to their employment, and a writ of prohibition to prevent SPBR from conducting any further proceedings on their appeals. On August 4, 1998, SPBR stayed all proceedings on decedent's and Baker's appeals before it, pending the outcome of decedent and Baker's original action. On October 22, 1998, this court dismissed decedent and Baker's original action for failure to state a claim upon which relief can be granted.
Decedent and Baker appealed our dismissal of their original action to the Ohio Supreme Court. On April 10, 1999, while their appeal to the Supreme Court was pending, decedent passed away. On June 16, 1999, the Supreme Court affirmed this court's dismissal of decedent and Baker's original action in State ex rel. Baker v. State Personnel Bd. of Review (1999), 85 Ohio St.3d 640 . On August 4, 1999, the Supreme Court denied the motion of decedent and Baker for reconsideration.
On October 26, 1999, SPBR scheduled decedent's and Baker's appeals for a consolidated hearing before an ALJ on January 27, 2000. On October 28, 1999, appellee filed a motion to dismiss decedent's action before SPBR on the grounds that decedent's counsel had not timely filed a suggestion of decedent's death with SPBR as required by Civ.R. 25(E), nor timely filed a motion to substitute the administrator of decedent's estate as appellant in decedent's appeal before SPBR as required by Civ.R. 25(A)(1). On November 8, 1999, decedent's counsel filed a brief in opposition to appellee's motion to dismiss. Therein, decedent's counsel argued that Ohio Adm. Code 124-11-06(A), rather than Civ.R. 25, governed the duty of the administrator of decedent's estate to substitute for decedent in decedent's appeal before SPBR.
On November 9, 1999, an ALJ issued a report recommending that SPBR dismiss decedent's appeal on the grounds that the administrator of decedent's estate had failed to file a motion to substitute within a reasonable time as required by Ohio Adm. Code 124-11-06(A). Decedent's counsel filed objections to the ALJ's report on November 22, 1999. On that same day, the Probate Court of Columbiana County appointed decedent's widower the administrator of decedent's estate. On December 1, 1999, decedent's counsel filed a motion to substitute the administrator of decedent's estate as appellant in decedent's appeal before SPBR.
On January 27, 2000, the hearing on Baker's appeal was held as scheduled before an ALJ. The hearing on decedent's appeal did not go forward, however, due to the ALJ's recommendation that the appeal be dismissed.
On February 14, 2000, SPBR adopted the findings and recommendations contained in the ALJ's report of November 9, 1999, and dismissed decedent's appeal. The administrator of decedent's estate appealed to the Franklin County Court of Common Pleas, which found that SPBR's dismissal of the appeal was supported by reliable, probative and substantial evidence, and was in accordance with law. Accordingly, the court of common pleas affirmed SPBR's determination.
Together, appellants' seven assignments of error raise two issues: (1) whether the common pleas court used an incorrect standard of review in reviewing SPBR's order; and (2) whether the common pleas court abused its discretion in upholding SPBR's dismissal of decedent's appeal.
Appellant initially contends that, in reviewing SPBR's order dismissing decedent's appeal, the court of common pleas incorrectly used the abuse of discretion standard of review, rather than the reliable, probative and substantial evidence standard of review. Before the court of common pleas, the parties and the court agreed that this administrative appeal is governed by R.C. 119.12. The standard of review used by the court of common pleas in reviewing a decision of an administrative agency pursuant to R.C. 119.12 is whether the agency order is "supported by reliable, probative, and substantial evidence and in accordance with law." R.C.119.12; Harrison v. Ohio Veterinary Medical Licensing Bd. (Dec. 19, 2000), Franklin App. No. 00AP-254, unreported. In contrast, an appellate court's role in reviewing an order of an administrative agency is limited to determining whether the common pleas court abused its discretion in reviewing the administrative order. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707.
Despite the well-established standards of review, the parties agree that the court of common pleas used the abuse of discretion standard in reviewing SPBR's dismissal order. Although the court of common pleas noted, in a footnote, that it was "mindful that it must also weigh the evidence in the record to see if the Board's order is supported by reliable, probative, and substantial evidence," the court expressly concluded that SPBR had not "abused its discretion" at the close of its decision.
In response to appellants' contention that the court of common pleas used the wrong standard in reviewing SPBR's dismissal order, appellee argues, for the first time, that the court of common pleas properly reviewed SPBR's order under the abuse of discretion standard, as the instant matter is governed by R.C. 2505.03(B), rather than R.C.119.12.[1] It is well established that R.C. 119.12 governs appeals from adjudicatory orders issued by SPBR. In re Termination of Employment (1974), 40 Ohio St.2d 107, 110-111. However, appellee argues that R.C.119.12 does not govern the instant matter, as SPBR's order of dismissal was not "issued pursuant to an adjudication."
R.C. 119.12 provides "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication" with a right of appeal to a court of common pleas. Cuyahoga Falls City School Dist. Bd. of Edn. (June 13, 1995), Franklin App. No. 94APE11-1717, unreported. Adjudication is defined in R.C. 119.01(D) as:
 * * * [T]he determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.
At its heart, an adjudication is simply a quasi-judicial proceeding, requiring that the affected parties be given notice, a hearing and an opportunity to be heard. Hanson v. Fabe (Dec. 10, 1991), Franklin App. No. 91AP-435, unreported.
Appellee contends that SPBR's order dismissing decedent's appeal for failure to substitute was not issued pursuant to an adjudication, because the order did not determine appellants' rights, duties, or privileges and because no hearing was held by SPBR prior to issuing the order. We do not understand appellee's assertion that SPBR's order did not determine appellants' rights. SPBR's dismissal of decedent's appeal plainly determined that neither decedent nor the administrator of decedent's estate had a right to proceed with the appeal.
Appellee's contention, that no hearing was held prior to the issuance of SPBR's order, rests on the fact that SPBR did not hold an oral hearing on appellee's motion to dismiss. Nothing in R.C. 119.01(D) or the case law suggests that an adjudication requires an oral hearing. In the present case, SPBR considered appellee's motion to dismiss on the parties' briefs. SPBR's consideration of the parties' briefs provided the parties with the critical component of a hearing, an opportunity to be heard.
Because SPBR's order of dismissal was issued pursuant to an adjudication, it was governed by R.C. 119.12, and we conclude that the trial court erred when it reviewed the order under the abuse of discretion standard.
We now turn to appellant's contention that the trial court abused its discretion in upholding the trial court's dismissal of decedent's appeal pursuant to Ohio Adm. Code 124-11-06(A).
Initially, we note that both Ohio Adm. Code 124-11-06(A) and Civ.R. 25(A) and (E) address the procedure for substituting the administrator of a deceased party's estate for a deceased party. However, because the instant matter arises out of an appeal to SPBR, the administrative code provision, rather than the civil rule, governs here. See Salem Med. Arts Dev. Corp. v. Columbiana Cty. Bd. of Revision (1998), 82 Ohio St.3d 193,196-197 (suggesting that, where the Ohio Rules of Civil Procedure and an applicable administrative rule both speak to an issue which arises in an administrative appeal, the administrative rule controls).
SPBR found that decedent's counsel had not complied with Ohio Adm. Code124-11-06(A) because he failed to file a motion to substitute the administrator of decedent's estate during the reasonable time in which the case was held open to allow for the filing of such motion. In particular, SPBR found that decedent's counsel's filing of a motion to substitute approximately two hundred nineteen days after decedent's death was unreasonable. We conclude that the court of common pleas abused its discretion in upholding this determination for several reasons.
Ohio Adm. Code 124-11-06(A) provides: "If an appellant dies during the pendency of an appeal, the executor or administrator of his estate shall, upon motion, be substituted for him. An appeal shall be held open for a reasonable time to permit this substitution." SPBR held that, following decedent's death and the reactivation of decedent's appeal before it, it held decedent's appeal open for a reasonable time to allow decedent's counsel to file a motion to substitute the administrator of decedent's estate for decedent, but that decedent failed to file such motion for over five months.
The trial court found that the lengthy delay which occurred in this matter from June 16, 1999, when the appeal to SPBR was reactivated by the Supreme Court's issuance of its decision in decedent's and Baker's original action, until October 28, 1999, when SPBR scheduled decedent's and Baker's appeals for a combined hearing on January 27, 2000, supported SPBR's holding that the matter had been held open for a reasonable time to allow decedent's counsel to file a motion to substitute. The record, however, does not support this finding. In fact, the record is devoid of any evidence that SPBR held decedent's appeal open for any period of time in order to permit the administrator of decedent's estate to file a motion to substitute himself for decedent in this appeal.
Specifically, there is nothing in the record indicating that SPBR had any notice of decedent's death during this time period. The first indication of decedent's death that appears in the record is appellee's motion to dismiss, which was filed on October 28, 1999, two days after SPBR set the matter for a January 27, 2000 hearing. Further, the fact that SPBR delayed scheduling not only decedent's case, but also Baker's companion case for more than four months after the Supreme Court's decision, suggests that the delay was the result of SPBR's scheduling procedures, rather than a deliberate decision to allow the administrator of decedent's estate time to file a motion to substitute.
SPBR was also mistaken in focusing on the length of time that elapsed between decedent's death and the filing of the motion to substitute in determining that the motion to substitute was not filed within a reasonable time. Although decedent died in April 1999, the record is clear that the administrator for decedent's estate was not appointed until November 22, 1999. Until the administrator was appointed, decedent's counsel was unable to file a motion to substitute with SPBR. In reaching this conclusion, we realize that it would have been helpful if decedent's counsel had provided SPBR with notice of decedent's death shortly after her death, or at least shortly after the SPBR appeal was reactivated. However, decedent's counsel was not required to provide SPBR with such notice. Unlike Civ.R. 25,[2] Ohio Adm. Code 124-11-06(B) does not require a decedent's counsel to file a suggestion of death.
Lastly, there is no showing that prejudice resulted from decedent's counsel's failure to provide SPBR with prompt notice of decedent's death or to file a motion to substitute until nine days after the appointment of the administrator of decedent's estate. To the contrary, the record reveals that, when decedent's counsel filed the motion to substitute on December 1, 1999, the hearing in the companion Baker appeal was still scheduled to occur on January 27, 2000. Thus, had the ALJ not been insistent on dismissing this matter, he could easily have granted the motion to substitute and allowed both appeals to go forward on January 27, 2000, as originally planned.
Based upon the foregoing, we conclude that the court of common pleas abused its discretion in upholding SPBR's dismissal of this appeal, pursuant to Ohio Adm. Code 124-11-06(A), as SPBR's dismissal order was not supported by reliable, probative and substantial evidence, and was not in accordance with law. Accordingly, appellants' seven assignments of error are sustained to the extent indicated herein.
Having sustained appellants' seven assignments of error, the judgment of the court of common pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
PETREE and LAZARUS, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although not necessary to our determination herein, we note that appellee is mistaken in its assertion that the abuse of discretion standard of review is the standard applied by a common pleas court in reviewing an administrative appeal brought pursuant to R.C. 2505.03(B). See Harm v. City of Parma (Sept. 14, 1995), Cuyahoga App. No. 67915, unreported (holding that, when a common pleas court reviews an administrative decision brought pursuant to R.C. 2505.03, its inquiry is limited to whether the agency's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the evidence).
[2] Civ.R. 25(E) provides: "Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."