[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
In March 1991, the newly elected Columbiana County Auditor, appellant herein, terminated appellee, Judy Baker, a long-term employee of the auditor's office. Appellee appealed the termination to the State Personnel Board of Review ("SPBR"). After a hearing, an SPBR administrative law judge ("ALJ") determined appellee to be an unclassified employee because she was a fiduciary to the auditor under R.C. 124.11(A)(9) and a deputy county auditor under R.C. 124.11(A)(4).[1]
Having so found, the ALJ found it unnecessary to determine whether appellee was also unclassified pursuant to the R.C. 124.11(A)(9) administrative exemption. The ALJ recommended dismissal of Baker's appeal since SPBR lacked jurisdiction over unclassified employees. SPBR unanimously adopted the ALJ's report and recommendation. On appeal, the common pleas court affirmed SPBR's decision.
Upon appellee's appeal, this court reversed the judgment of the common pleas court and remanded the case for further proceedings. Baker v. Hadley (1995), Franklin App. No. 94APE10-1550 ("Baker I"). In particular, this court determined that the common pleas court abused its discretion in affirming SPBR's decision that appellee was an unclassified employee pursuant to the R.C. 124.11(A)(4) deputy county auditor exemption and the R.C. 124.11(A)(9) fiduciary exemption.
Following reversal by this court, the common pleas court granted appellant's motion to remand the case to SPBR for determination as to whether appellee was, at the time of her discharge, an employee holding an administrative relationship to the auditor pursuant to R.C.124.11(A)(9). Appellee's appeal from the common pleas court's remand order was dismissed by this court for lack of a final appealable order. The Ohio Supreme Court refused to entertain an appeal on the matter. Baker v. Hadley (1997), 80 Ohio St.3d 1437.
Upon remand to SPBR, appellee filed a motion seeking allowance of additional testimony and/or other documentary evidence. The ALJ first attempted to resolve the administrative exemption question by way of briefs, but found the existing record insufficient to resolve the issue. Accordingly, the ALJ set the matter for an additional day of hearing.
Shortly thereafter, appellee filed a complaint in this court seeking a writ of mandamus to compel SPBR and appellant to reinstate appellee to her former position and a writ of prohibition to prevent SPBR from conducting any further proceedings in the case. Specifically, appellee argued that there was no basis for further proceedings (other than an order reinstating appellee) because this court had conclusively determined in Baker I that appellee was a classified employee of the auditor and that that judgment was the law of the case on whether the R.C. 124.11(A)(9) exemption applied. This court determined that "[t]he SPBR does not patently and unambiguously lack jurisdiction to consider whether [appellee is a] classified employee or exempt pursuant to the `administrative relationship' exemption under R.C. 124.11(A)." State ex rel. Baker v. State Personnel Bd. Of Review (1998), Franklin App. No. 98AP-886 ("Baker II"). Accordingly, this court granted SPBR's motion to dismiss the complaint for failure to state a claim upon which relief may be granted.
Appellee appealed Baker II to the Ohio Supreme Court, which held that this court had properly dismissed appellee's complaint for writs of mandamus and prohibition. State ex rel. Baker v. State Personnel Bd. Of Review (1999), 85 Ohio St.3d 640. The court first determined that appellee was not entitled to a writ of prohibition because SPBR did not "patently and unambiguously lack jurisdiction to proceed." Id. at 644. Specifically, the court rejected appellee's law-of-the-case argument, finding that doctrine inapplicable because the Baker I decision resolved only the applicability of the R.C. 124.11(A)(4) deputy county auditor exemption and the R.C. 124.11(A)(9) fiduciary exemption and did not resolve the applicability of the R.C. 124.11(A)(9) administrative exemption. Id. at 642-643. The court noted its previous holding that "the fiduciary and administrative exemptions contained in R.C. 124.11(A)(9) are not a single exemption such that resolution of the applicability of one necessarily determines the applicability of the other. They are two distinct exemptions." Id. at 642, citing State ex rel. Charlton v. Corrigan (1988), 36 Ohio St.3d 68, 70. The court thus concluded:
 * * * SPBR is not acting contrary to the mandate of any superior tribunal because the court of appeals never conclusively determined in its 1995 decision whether [appellee was] subject to the R.C. 124.11(A)(9) administrative exemption. The requirement to abide by the mandate of a superior tribunal is the portion of the law-of-the-case doctrine that is applicable in extraordinary writ cases. State ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 553. The same court of appeals that issued the 1995 decision that Baker * * * [relies] upon rejected [her] claim for extraordinary relief based on the law of the case. That court was in the best position to determine whether its 1995 mandate was being followed by the common pleas court and SPBR. In fact, SPBR is acting pursuant to the express mandate of a superior tribunal, i.e., the common pleas court, by holding further proceedings in the case. * * * [Emphasis sic.; id. at 643-644.]
The court also determined that appellee was not entitled to a writ of mandamus compelling reinstatement to her claimed classified employment with the auditor because there had been no final determination in an appeal from SPBR or other quasi-judicial authority that she was wrongfully excluded from that employment.
Based on the foregoing analysis, the court held that SPBR could proceed with its determination as to the applicability of the R.C. 124.11(A)(9) administrative exemption to the classified service.
Thereafter, SPBR held a hearing on the applicability of the R.C.124.11(A)(9) administrative exemption. The ALJ found that appellee was an unclassified employee pursuant to the R.C. 124.11(A)(9) administrative exemption and, accordingly, recommended dismissal of Baker's appeal on the basis that SPBR lacked jurisdiction over the subject matter of appellee's appeal. SPBR unanimously adopted the ALJ's report and recommendation.
Appellee appealed SPBR's order to the common pleas court. The court determined that its prior remand to SPBR for determination as to whether appellee was an unclassified employee pursuant to the R.C. 124.11(A)(9) administrative exemption was improper because this court, in Baker I, had already determined that appellee was a classified employee. In support of this conclusion, the court quoted extensively from the Baker I decision with regard to our determination that appellee was not an unclassified employee pursuant to either the R.C. 124.11(A)(4) deputy county auditor exemption or the R.C. 124.11(A)(9) fiduciary exemption. The court held that in so finding, this court, "in effect, determined, without specifically saying so, that Ms. Baker was classified." (Sept. 28, 2001 Decision and Entry at 4.) Accordingly, the court concluded that SPBR's order finding appellee to be an unclassified employee was improper because it was "in direct conflict with the Decision of the Court of Appeals on the same issue." Id.
The court further determined that its prior remand to SPBR should have been for a hearing only on the merits of appellee's termination from the classified service pursuant to R.C. 124.03. Having so found, the court reversed SPBR's decision and remanded the case to SPBR with instructions "to afford a hearing on the merit's of [appellee's] termination, or, if none are alleged, the Auditor shall reinstate her and afford all back pay to which she is entitled." Id. at 5.
Appellant has timely appealed the common pleas court's judgment and advances three assignments of error, as follows:
 1. The Court of Common Pleas erred when it determined SPBR did not have authority to hold an additional day of hearings to determine whether Appellee held an administrative relationship to the Appellant.
 2. The Court of Common Pleas erred in not reviewing whether SPBR's order is supported by reliable, probative, and substantial evidence.
 3. The Court of Common Pleas erred in finding that there was not reliable, probative and substantial evidence to support the conclusion that Appellee held an administrative relationship to the Appellant, thereby making her an unclassified employee.
In addition, appellee filed a timely cross-appeal and sets forth a single assignment of error, as follows:
 The Court of Common Pleas erred in ordering that the case be remanded to SPBR for a hearing on the merits of Ms. Baker's termination instead of ordering that Ms. Baker be reinstated.
As appellant's first and second assignments of error are interrelated and dispositive of the instant appeal, we will address them together. Appellant contends that the common pleas court erred in determining that its prior remand to SPBR for determination as to the applicability of the R.C. 124.11(A)(9) administrative exemption was improper and in refusing to consider SPBR's determination regarding that issue. We agree. Apparently the court did not consider the Ohio Supreme Court's 1999 decision, which clearly sanctioned further proceedings before SPBR as to whether appellee was subject to the R.C. 124.11(A)(9) administrative exemption and which clearly rejected the argument that this court, in Baker I, implicitly determined that appellee was a classified employee by finding that she was not unclassified under either the R.C. 124.11(A)(4) deputy county administrator exemption or the R.C. 124.11(A)(9) fiduciary exemption. Accordingly, the common pleas court erred both in determining that its prior remand to SPBR for a hearing on the R.C. 124.11(A)(9) administrative exemption issue was improper and in failing to consider the merits of SPBR's order finding appellee to be an unclassified employee pursuant to R.C. 124.11(A)(9). Appellant's first and second assignments of error are well-taken.
By the third assignment of error, appellant contends that the record contains reliable, probative and substantial evidence to support SPBR's finding that appellee is an unclassified employee pursuant to the R.C.124.11(A)(9) administrative exemption. We decline to address this assignment of error, however, given our determination that the common pleas court erred in failing to consider the merits of SPBR's order in the first instance. Accordingly, appellant's third assignment of error is moot. See App.R. 12(A)(1)(c).
By her cross-assignment of error, appellee contends that the common pleas court erred in ordering that the matter be remanded to SPBR for a hearing on the merits of her termination, instead of ordering that she be reinstated. Given our disposition of appellant's first and second assignments of error, appellee's cross-assignment of error is moot. See App.R. 12(A)(1)(c).
For the foregoing reasons, appellant's first and second assignments of error are sustained, appellant's third assignment of error is moot, and appellee's cross-assignment of error is moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to consider the merits of the State Personnel Board of Review's order finding appellee to be an unclassified employee pursuant to the R.C. 124.11(A)(9) administrative exemption.
Judgment reversed and cause remanded with instructions.
BOWMAN and BROWN, JJ., concur.
[1] R.C. 124.11(A) provides: "The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter: * * * (4) The * * * deputy county auditors * * * (9) * * * those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials or county administrator * * *."