**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Giancola v. Azem,* **Slip Opinion No. 2018-Ohio-1694.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1694

GIANCOLA,[1] ADMR., APPELLEE, *v*. AZEM; WALTON MANOR HEALTH CARE CENTER ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Giancola v. Azem,* Slip Opinion No. 2018-Ohio-1694.]**

*Judgments—Remand—Law-of-the-case doctrine—Only those legal questions resolved by a reviewing court are the law of a case—On remand, parties are returned to the same position they were in prior to the appeal.*

(No. 2016-1584—Submitted January 23, 2018—Decided May 3, 2018)

APPEAL from the Eighth District Court of Appeals, No. 102920, 2016-Ohio-5831.

_____

KENNEDY, J.

{¶ 1} In this discretionary appeal from a judgment of the Eighth District Court of Appeals, we consider the limitations of the law-of-the-case doctrine. The

_____

[1] On March 18, 2014, while the case was pending in the Eighth District Court of Appeals, the Cuyahoga County Court of Common Pleas granted a motion to substitute the proper party, Nathan Giancola, a newly named administrator of the estate of Nicholas Giancola, because of the death of Paulette Kolosai, the original administrator. Thus, Nathan Giancola has been substituted as a party.

law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The decision of the appellate court in the first appeal in this case was limited to whether Nicholas Giancola's mother had apparent authority to sign an arbitration agreement on behalf of her son. Therefore, the law of the case from the first appeal was not relevant in the second appeal, because on remand from the first appeal, the trial court had relied on new evidence to decide that Giancola had signed the arbitration agreement. We reverse the Eighth District's judgment, which was based on the law-of-the-case doctrine, and we remand the matter to that court for review of the assignments of error that were not considered.

## I. Case Background

### A. *First Proceeding in the Trial Court*

{¶ 2} Giancola was admitted to Walton Manor Health Care Center on October 24, 2011. At the time of his admission, Giancola was suffering from multiple serious medical conditions. An admission agreement and an arbitration agreement were executed on October 28, 2011. Giancola remained at the care center until December 15. He later passed away, on December 31, 2011. After his death, Paulette Kolosai, the first administrator of Giancola's estate, sued appellants, Cleveland Healthcare Group, Inc., Saber Healthcare Group, L.L.C., and Saber Healthcare Holdings, L.L.C. (collectively, "Walton Manor"), alleging both a survival action and a wrongful-death action. Kolosai claimed that Giancola's death was caused by injuries that he sustained while he was at Walton Manor.

{¶ 3} Walton Manor filed a motion to stay the civil proceedings and to compel arbitration based on the terms of the arbitration agreement, arguing that Giancola had entered into a binding arbitration agreement with Walton Manor.

**{¶ 4}** In opposition to the motion, Kolosai argued that the estate was not bound by the arbitration agreement because Giancola had not signed it and that the wrongful-death claim was not subject to arbitration. In support of her argument, Kolosai offered the deposition testimony of a Walton Manor employee who testified that Giancola's mother had signed the agreement. The trial court found that Giancola's mother had signed the arbitration agreement and that she had had apparent authority to bind her son to its terms. The trial court then granted Walton Manor's motion and ordered arbitration of the survival action. Kolosai appealed.

### B. *First Appeal:* **Kolosai I**

**{¶ 5}** In the first appeal, Kolosai argued that the trial court had erred in finding that Giancola's mother had apparent authority to bind Giancola to arbitration.

**{¶ 6}** Walton Manor countered that Giancola, not his mother, had signed the arbitration agreement. Walton Manor attached documents to its brief that it argued proved that Giancola had signed the agreement. *Kolosai v. Azem,* 8th Dist. Cuyahoga No. 100890, 2014-Ohio-4474, ¶ 3 ("*Kolosai I*"). After acknowledging that Walton Manor could not supplement the record on appeal, the appellate court nevertheless noted that Walton Manor's argument—that Giancola had signed the agreement—was a concession that the trial court's opinion was erroneous. *Id*. at ¶ 8. The court of appeals stated that it would not "affirm the court on a basis that an appellee concedes is factually wrong." *Id. at ¶* 9.

> With Walton Manor being deemed to have withdrawn any argument that the court did not err by finding that the mother had apparent authority to bind Giancola to arbitrate any disputes arising from his care and treatment as a patient at the nursing home, we sustain the first assignment of error. The second assignment of error is moot.

*Id*. at ¶ 10.   Thereafter, the court of appeals reversed and remanded for further proceedings consistent with its opinion.  *Id*. at ¶ 11.

## C. *Second Proceeding in the Trial Court*

{¶ 7} On remand, Walton Manor renewed its motion to stay the proceedings and submitted the supplemental documents previously presented to the court of appeals, along with a report from a handwriting expert, Robert Kullman.  Kolosai responded by asserting that the law-of-the-case doctrine barred Walton Manor's argument, the supplemental documents were not new evidence under the Civ.R. 60(B)(2) standard for granting a new trial, Kullman's report was not reliable, and Walton Manor had waived its right to pursue arbitration by participating in depositions on the merits of the matter prior to submitting its renewed motion for arbitration.

{¶ 8} Two months later, Walton Manor filed an affidavit signed by Kullman in support of its renewed motion to stay and to compel arbitration.  Following the hearing on the motion, Kolosai moved to strike Kullman's affidavit.  The trial court noted that its decision granting Walton Manor's motion to stay and to compel arbitration had been "reversed by the court of appeals."  It denied Kolosai's motion to strike, granted the renewed motion to stay, and referred the appropriate counts in the complaint to arbitration, finding that "Nicholas Giancola signed the admission agreement and acknowledgment regarding arbitration, and is, therefore, bound by its terms."  Kolosai appealed.

## D. *Second Appeal:* Kolosai II

{¶ 9} In lieu of addressing the assignments of error presented, the appellate court sua sponte raised the issue of the law-of-the-case doctrine.  In a two-to-one decision, the appellate court held that the trial court had violated the law-of-the-

4

case doctrine when it reconsidered the issue of who had signed the arbitration agreement.

{¶ 10} Walton Manor filed a motion for reconsideration of that decision or, in the alternative, an application for a rehearing en banc. Upon reconsideration, the appellate court held that the law-of-the-case was established in *Kolosai I*: the arbitration agreement could not be enforced under a doctrine of apparent authority. 2016-Ohio-5831 at ¶ 36 ("*Kolosai II*"). The court of appeals also held that the handwriting expert's report should not have been considered by the trial court because "[t]he record does not support the assertion that the evidence was newly discovered and could not have been discovered with due diligence." *Id*. at ¶ 61. In addition, the appellate court held that the trial court had exceeded the mandate of the court of appeals in *Kolosai I*. *Id*. at ¶ 62. Walton Manor appealed.

### E. *Proposition of Law*

{¶ 11} Walton Manor presents one proposition of law in its memorandum in support of jurisdiction. That proposition of law states:

> A trial court must have broad discretion to hear evidence and control its docket when addressing a case remanded for further proceedings and the law of the case doctrine shall be limited to legal issues and account for an expanded record containing new evidence to address factual issues on remand.

{¶ 12} In its merit brief to the court, Walton Manor presents two propositions of law. Because we accepted only the proposition of law presented in Walton Manor's jurisdictional memorandum, we decline to expand our review.

## II. Law and Analysis

{¶ 13} The narrow issue before this court—whether the appellate court properly applied the law-of-the-case doctrine—presents a question of law; therefore, we apply a de novo review standard. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 17.

{¶ 14} The law-of-the-case doctrine has long existed in Ohio jurisprudence. " '[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " (Brackets sic.) *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan*, 11 Ohio St.3d at 3, 462 N.E.2d 410. "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id*.

{¶ 15} Although the law-of-the-case doctrine generally is "a rule of practice rather than a binding rule of substantive law," *Nolan* at 3, we have also explained that "the Ohio Constitution 'does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.' " *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32, quoting *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). The doctrine therefore "functions to compel trial courts to follow the mandates of reviewing courts," *Nolan* at 3, and "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case," *id.* at the syllabus.

{¶ 16} Accordingly, a trial court is without authority to extend or vary the mandate issued by a superior court, *id*. at 4, and "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as

were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law," *id*. at 3. However, as the United States Supreme Court has explained, "[t]he doctrine of law of the case comes into play only with respect to issues previously determined," *Quern v. Jordan*, 440 U.S. 332, 347, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), fn. 18, and " '[w]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues,' " *id*., quoting *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).

{¶ 17} Our decision in *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 710 N.E.2d 706 (1999), is instructive here. In that case, the personnel board of review found that two former public employees were unclassified because they were fiduciaries to a county auditor under R.C. 124.11(A)(9) and were deputy auditors under R.C. 124.11(A)(4). *Id*. at 640. The board did not address the auditor's alternative argument that the former employees were unclassified because they had an administrative relationship to the auditor under R.C. 124.11(A)(9). *Id*. at 640-641. The common pleas court upheld the board's order, but the court of appeals reversed, concluding that neither the fiduciary exemption nor the deputy-county-auditor exemption applied, and it remanded the cause to the common pleas court for further proceedings. *Id*. In turn, the common pleas court remanded the matter to the board to consider whether the former employees were unclassified because they had an administrative relationship to the auditor. Relying on the law-of-the-case doctrine, the former employees sought a writ of prohibition from the court of appeals to prevent the board from conducting those proceedings. *Id*. The court of appeals denied the writ, and we affirmed, explaining that the board had not acted contrary to the mandate of any superior tribunal, because the court of appeals had not "conclusively determined" whether the administrative exemption was applicable. *Id*. at 643. For this reason, the law-of-the-case doctrine did not preclude the board from resolving

the dispute by considering the auditor's alternative legal theory for the first time on remand. *Id*. at 643-644.

**{¶ 18}** In this case, the appellate court in *Kolosai I* did not conclusively determine whether Giancola's mother had signed the arbitration agreement, because that opinion addressed the question whether Giancola's mother had apparent authority to sign the arbitration agreement on her son's behalf. *Kolosai I* at ¶ 10.

**{¶ 19}** However, Walton Manor claimed that Giancola, not his mother, had signed the arbitration agreement and sought to supplement the record with new evidence supporting that argument. *Id.* at ¶ 3. Recognizing that "Walton Manor [had] repudiated the rationale for the court's decision to refer the matter to arbitration," *Kolosai I* at ¶ 6, the Eighth District concluded that the trial court erred in enforcing the arbitration agreement under the theory that Giancola's mother signed the agreement with apparent authority because the "appellee [Walton Manor] concedes [that that theory] is factually wrong." *Id*. at ¶ 9. The appellate court deemed Walton Manor "to have withdrawn any argument that the court did not err by finding that the mother had apparent authority to bind Giancola to arbitrate any disputes," *id*. at ¶ 10, and it "reversed and remanded" the matter "to the trial court for further proceedings consistent with [its] opinion," *id*. at ¶ 11.

**{¶ 20}** Although the appellate court declined to review Walton Manor's new evidence that Giancola had signed the arbitration agreement because it would require the court to add matter to the record, it did not decide that Giancola had signed the agreement or direct the trial court not to consider additional evidence that would refute the administrator's claim that the mother had signed the agreement. And contrary to the appellate court's assertion in *Kolosai II*, 2016-Ohio-5831, at ¶ 36, *Kolosai I* did not order the trial court to place the matter on the regular docket to proceed on the merits.

{¶ 21} Rather, " '[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.' " *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 11, quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431 N.E.2d 324 (1982). In this case, error occurred when the trial court granted the motion to stay arbitration on the basis of Giancola's mother's apparent authority to bind her son. By ordering a remand for "further proceedings," the Eighth District returned the parties to the same position they were in prior to the error, and nothing precluded Walton Manor from reasserting its argument that Giancola had signed the arbitration agreement or prevented the trial court from permitting the introduction of new evidence to support that assertion.

### III. Conclusion

{¶ 22} Only those legal questions resolved by a reviewing court are the law of that case. *Nolan*, 11 Ohio St.3d at 3, 462 N.E.2d 410. Here, because the decision in *Kolosai I* did not prevent Walton Manor from presenting new evidence as to whether Giancola signed the arbitration agreement, the law-of-the-case doctrine does not prevent the trial court on remand from considering that new evidence. Accordingly, we reverse the Eighth District Court of Appeals' judgment, and we remand the cause for review of the assignment of errors presented by Kolosai that were not addressed by the court of appeals.

Judgment reversed

and cause remanded.

O'DONNELL, FRENCH, HALL, and DEWINE, JJ., concur.

O'CONNOR, C.J., dissents, with an opinion joined by FISCHER, J.

MICHAEL T. HALL, of the Second District Court of Appeals, sitting for O'NEILL, J.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 23} I dissent. I would dismiss this case as having been improvidently accepted. I would further order that the opinion of the court of appeals may not be cited as authority except by the parties inter se.

FISCHER, J., concurs in the foregoing opinion.

————————————

DiCello, Levitt & Casey, Mark A. DiCello, Robert DiCello, and Justin J. Hawal; and Marks, Balette, Giessel & Young, P.L.L.C., and Jacques G. Balette, for appellee Nathan Giancola.

Marshall, Dennehey, Warner, Coleman & Goggin, Leslie M. Jenny, Jason P. Ferrante, and Teresa Ficken Sachs, for appellants, Cleveland Healthcare Group, Inc., a.k.a. Walton Manor Health Care Center, Saber Healthcare Group, L.L.C., and Saber Healthcare Holdings, L.L.C.

————————————