## J. W. McNeal v. S. B. Hunt.

### No. 209.

Practice in District Court—*court has power to inquire into truth of sheriff's return.* Where a receipt acknowledging satisfaction of a judgment rendered by a district court was given by the judgment creditor to the defendant while an execution under the judgment was in the hands of the sheriff, and where the latter thereupon returned the execution with a statement of that fact indorsed thereon, together with the satisfaction receipt, and where it appeared that the giving of such receipt was by mistake and that a large part of the judgment remained unpaid, *held*, that the court properly inquired into the matter on motion.

Error from Barber District Court. Hon. G. W. McKay, Judge. Opinion filed September 18, 1897. *Affirmed.*

*Herod, Widmer & Overstreet*, for plaintiff in error.

No appearance for defendant in error.

Milton, J. On January 5, 1891, the defendant in error obtained a judgment against the plaintiff in error for $253.67 and costs, in the District Court of Barber County, in a suit upon a replevin bond. On July 22, 1891, an execution was issued out of said court on this judgment and on the same day delivered

to the sheriff of said county.  On the next day the sheriff returned the execution with the following indorsements :

" I have collected the costs in this execution, and J. W. McNeal holds a receipt for the judgment.  I therefore return this execution."

The receipt referred to — omitting caption — is as follows :

" Received full satisfaction of the judgment rendered in the above-entitled case.        S. B. Hunt."
" Witness : E. R. Howard."   .

On September 17, 1891, Hunt filed the following motion in the case :

" Comes now the above-named plaintiff and moves the court to credit on the judgment rendered in this action on the fifth day of January, 1891, for $257.67 and costs against the defendant, J. W. McNeal, the sum of $132.12 and costs taxed at $16 and no more, the same being the amount agreed upon between plaintiff and defendant, J. W. McNeal, that the judgment should be credited, when the execution issued on the twenty-second day of July, 1891, and in the hands of the sheriff, was returned with the receipt attached thereto, said receipt not having been given for the whole amount of said judgment as shown by its terms.        Chester I. Long, *Attorney for Plaintiff.*"

On December 18, 1891, this motion was heard upon evidence, which showed that the execution creditor had by mistake accepted the amount awarded him in the replevin action as fully satisfying the judgment in the action on the redelivery bond, whereas the latter judgment included the amount due him and the costs of the first action, the costs being the larger item.  The court sustained the motion over the objection of McNeal, and ordered the correction of the record to agree with the facts in the case.  McNeal duly excepted, and now brings the case here for review.

672 MᴄNᴇᴀʟ v. Hᴜɴᴛ.

S. Dept.          Opinion.  Milton, J.          6 Kan. App.

The court's action was proper. The doctrine is fundamental that a court of record has control over its process and of entries upon its records, and the power to make its records show completely and correctly the entire proceedings in each case. This necessarily includes the correction of mistakes, whether of the clerk or of the sheriff. In this case an apparent satisfaction of the judgment had been returned by the sheriff, as excusing him from proceeding further under the execution. The sheriff was not obliged to return the execution upon the exhibition of the receipt in the hands of the defendant. His return imported no more than the receipt itself imported. It was therefore disputable.

Plaintiff in error contends that the court erred in hearing the motion, and that it proceeded without jurisdiction; that the satisfaction of the judgment ended the whole matter, and that nothing short of a new action to correct the alleged mistake could confer jurisdiction.

Defendant in error has filed no brief. The exact question here presented does not seem to have been passed upon by our Supreme Court. We find, however, that it has arisen in several states. In *Wilson v. Stilwell et al.* (14 Ohio St. 467) the court says:

" Every court has control over its process, and of entries upon its records, and whenever process is irregularly issued, or an entry of the satisfaction of a judgment is improperly made, the court has power to inquire into the subject, and to cause the former to be set aside, and the latter to be vacated. It is believed to be the uniform practice to do so on *motion*. This, it is true, is a summary mode of procedure, and important rights and interests and difficult questions may be involved, which are summarily tried by the court without the intervention of a jury, but these objections have not been regarded as sufficient to pre-

vent courts from exercising their jurisdiction in this manner.''

The Supreme Court of Missouri in a similar case (*Laughlin v. Fairbanks*, 8 Mo. 370) declared : '' It is urged by plaintiffs in error, that this motion, involving as it did questions of both law and fact, was improperly entertained. . . . We entertain no doubt that a motion was a proper and legal mode to effect the object desired by the plaintiffs in the motion.''

In the case of *Anderson v. Nicholas* (4 Robertson — Superior Court of New York — 630), it appears that the docket entry of the judgment had been canceled upon the filing of a '' satisfaction piece '' which was signed and acknowledged by the judgment creditor. The court held that a new execution might issue upon evidence being presented showing that the satisfaction piece was given upon a condition that had not been performed, and that such question was properly raised by motion.

Freeman (1 Executions, § 54 ) declares that where a satisfaction of a judgment was made wrongfully or by mistake, the propriety of ordering a second writ is indisputable.

We conclude that the order of the trial judge was proper, and the same is affirmed.