(Judges Laubie and Burrows of the Seventh Circuit sitting in place of Judges Hale and Marvin of the Eighth Circuit.)

### BUCHTEL COLLEGE v. WILLIAM T. MARTIN.

1. PROPERTY OWNER NOT LIABLE FOR DANGEROUS CONDITION OF PATHWAY USED BY PUBLIC WITHOUT INVITATION.

The owner of premises, whose business ·requires him to maintain a pathway across the same leading from one street to another, and who permits the public, without objection, to use the same for their own convenience and purposes in no way connected with him or his business, cannot be said to invite such a use, and no obligation rests upon him to keep the same in a suitable condition therefor. His only duty therein is not to make changes, or create conditions, of a dangerous character in or near the pathway without exercising ordinary care to give notice thereof to those so accustomed to using the same by the erection of proper barriers or otherwise.

2. WHAT IS SUFFICIENT NOTICE OF DANGEROUS CONDITIONS.

The fact that the principal college building had been destroyed by fire, and in order to facilitate the rebuilding thereof, a portion of such walk was torn up, and piles of brick and sand placed thereon, and empty barrels and a large wooden mortar box are in close proximity, gives sufficient notice of danger, and that the owner forbids the use of the walk. Hence, one who thereafter attempts to use it, and climbs over a pile of sand on such walk and falls into an excavation on the other side of the sand, and is injured, cannot recover from the owner for the injury.

3. CHARGE IMPROPER WHEN EVIDENCE WITHDRAWN FROM JURY.

An instruction that a verdict may be rendered in favor of plaintiff for expenses incurred by reason of his injuries is improper, where the evidence on the point has been withdrawn by consent from the jury.

ERROR to court of common pleas.

**Tibbals & Frank,** for plaintiff.

**Grant & Seiber,** for defendant.

## LAUBIE, J.

The verdict in this case was manifestly against the weight of the evidence, and the plaintiff was not entitled to recover.

The condition of the college grounds on the night in question was sufficient notice to the plaintiff of danger, and to stop his further progress in the direction he was going. It was known to him that the defendant was rebuilding its college and rearranging its college grounds, and directly across the stone walk he was following, the defendant had placed a large pile of sand at the edge of the excavation, which he was obliged to mount and pass before he could fall into such excavation. Immediately to the

Buchtel College v. Martin.

right of this sand pile was a large wooden mortar box, and piles of bricks were at the left, and empty barrels were around in close proximity.

There was light enough for him to see these objects, and they were sufficient notice to him that such walk was designedly closed, and that he must not proceed further along the walk in the direction he was going. If there was any obscuration of the moon's light by clouds, he had ample notice to stop when he struck the sand pile.

The stone walk was a narrow one—less than three feet wide, and that this sand pile was directly on it was beyond question. He was the only witness who testified that it was not on the walk, and he had to do that to avoid admitting his own negligence. The next morning there were marks on this pile that showed that some person had recently walked over it.

In addition to all this, he had sufficient notice that the defendant forbade the use of its grounds for the purpose he was using them, in that it had destroyed the continuity of the walk from street to street by taking up the flagging for a considerable distance of the way he traveled and placing piles of bricks thereon; and this also he found it necessary to deny, although he was finally compelled to admit that he knew part of the flagging had been removed.

This action of the defendant was set up in its answer as a defense.

The charge of the court was misleading and, in part, erroneous.

The accident happened on a Sunday evening. On Saturday noon when the men stopped working, the defendant caused a barrier to be put across the walk just north of the sand pile by placing a barrel on each side of the walk and laying thereon across the walk some light boards to bar the way; and this barrier was there on Sunday morning; whether it was there on Sunday evening was uncertain, and no one went there on that evening on the part of the defendant to see that it was still there. Whether this was sufficient to exonerate the defendant under the circumstances was not noticed, or called to the attention of the jury, in the submission of the case, but there was no request made by the defendant to instruct the jury upon this point.

The court did, however, we think, mislead the jury in stating the defense set up and relied upon by the defendant.

The defendant denied that there was a path maintained by it, or existing, from street to street, across its grounds at the time in question; but the court, in its statement of the defense, and throughout its whole charge, stated in effect and assumed that the defendant admitted that the path was there and maintained as claimed by the plaintiff; nor was this corrected by what the court said to the jury after the full and formal charge had been completed. Nowhere in it was this point specially named or referred to,

or the effect·that might or should be given to the fact that the defendant
had destroyed the continuity of the old path, as heretofore referred to.
And, in this connection, we think the court erred in refusing the requests
to charge of the defendant, numbered two and four, as shown on pages 219
and 220 of the bill of exceptions, as follows:

"(2)   If you find from the evidence that the college building of the
defendant was destroyed by fire on December 20, 1899, and that in conse-
quence of such fire, the established walks and drives of the north and west
sides of said building were rendered impassable, and that thereafter said
walks on the north and west sides were taken up and were not replaced,
and that from the time of the fire to the time of the plaintiff's accident there
were no defined walks connecting the Buchtel avenue and Carroll street
walks, and if you find that, during said time the old walks were more or
less obstructed by debris and building material and that the grounds were
also so obstructed, and that building operations were in progress, then un-
der such circumstances the plaintiff would have no right to assume that
the walks were safe and unobstructed, and in going upon them, did so at
his own peril.

"(4)   If you find from the evidence that the plaintiff in crossing the
college grounds on the usual stone walks came to a place where the walks
had been removed, then it would be the plaintiff's duty to take notice of
such facts, and he would have no right to continue further in the belief
that the walks were safe and unobstructed."

The defendant was entitled to have each of these requests given—
they were good law as applied to the facts of the case.

The court also erred in instructing the jury that it might find under
the evidence that the defendant had invited the public and the plaintiff to
use its grounds as a way from one street to the other, and, as stated in
plaintiff's request No. 1, as given by the court, and generally in the charge,
that if the defendant had permitted such use, it was bound to keep its prem-
ises in a reasonably safe and suitable condition for the use of those passing
over and using them in the manner and for the purpose stated.

An owner of premises whose business requires him to keep a pathway
over them, though it be from street to street, and permits, without objec-
tion, the public to use such pathway solely for the purpose of passing from
street to street, with no connection with him or his business, cannot be said
to invite such use; and the only obligation resting upon such owner is, not
that he must expend money and labor upon such pathway to keep it in re-
pair for the public, but simply not to make pitfalls or·changes of a danger-
ous character on or near such walk without exercising ordinary care to

notify those so using the pathway of such pitfalls or changes by the erection of proper barriers, or otherwise.

" 'No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not expressly invited to enter, or induced to come upon them by the purpose for which the premises are appropriated or occupied.' The inducement here spoken of must be equivalent to an invitation to enter. Mere permission is neither inducement, allurement, nor enticement." Pittsburgh, Ft. W. & C. Ry. Co. v. Bingham, 29 Ohio St. 364, 372; Cincinnati Gas. L. & C. Co. v. Avondale, 43 Ohio St. 257, 263 [1 N. E. Rep. 527].

The court further erred in instructing the jury that they might render a verdict for the plaintiff for the expenses he was put to by reason of his injuries.

There was no evidence of the amount of such expenses; all evidence on that point had been withdrawn by consent from the jury and, consequently, no verdict could be rendered therefor. Andrews v. Railway Co. 8 Circ. Dec. 584 (19 R. 699, 703).

For the reasons given this cause must be reversed and remanded.

---

## SIDEWALKS—MUNICIPAL CORPORATIONS.

[Cuyahoga (8th) Circuit Court, July 24, 1903.]

Marvin, Winch and Laubie, JJ,

(Judge Laubie, of the Seventh Circuit sitting in place of Judge Hale.)