## KIPP v BOWMAN et

Ohio Appeals, 2nd Dist, Darke Co

No 488. Decided May 31, 1935

Wilbur Spidel, Greenville, and Jacobson & Durst, Dayton, for plaintiff in error.

George W. Porter, Greenville, Jesse K. Brumbaugh, Greenville, and Billingsley & Manix, Greenville, for defendants in error.

## OPINION

By HORNBECK, J.

We have been favored by the opinion of the trial judge, which opinion very carefully considers and analyzes the application of §11640 GC to the various parts of §11631 GC. The trial court came to the conclusion that the petition to vacate was instituted by favor of §11631 GC and particularly parts 3 and 4 thereof, which section and germane parts thereof is as follows:

"The Common Pleas Court or the. Court of Appeals may vacate or modify its own judgment or order, after the term at which it was made:

"(3) For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"(4) For fraud practiced by the successful party in obtaining a judgment or order."

Sec 11640 GC provides:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in divisions four, five and seven, of §11631 GC, must be commenced within two years after the judgment was rendered, or order made. Proceedings for the causes mentioned in divisions three and six of such section, must be commenced within three years, and in division nine, within two years after the defendant has notice of the judgment." (Emphasis ours).

It appears from the record that the entry which it is sought to vacate was filed April 9, 1931 and that the petition under consideration was filed July 6, 1934, more than three years having elapsed between the filing of the entry objected to and the filing of the petition. The court proceeded upon the theory that the entry sought to be set aside was a judgment; that the applicable statute, §11640 GC, operated as a bar to an action under part (4) of §11631 GC after two years from the date that the judgment complained of was rendered or order made. This conclusion seems inescapable if the action is directed to a judgment.

The court held that the petition also invoked the provision part (3) of §11631, GC, that a judgment may be vacated, after term, "for mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order," and found that such action was barred within three years after the judgment was rendered or order made; that the language: "after the defendant has notice of the judgment," following "and in division nine" in §11640 GC has reference to and modifies only proceedings for the causes mentioned in division nine, and has no application to causes mentioned in division 3 of §11631 GC.

The trial court followed Baylor v Killinger, 44 Oh Ap 523, (14 Abs 381), with which pronouncement, if determinative of our question, we would be inclined to disagree. Such construction requires the language, "causes mentioned in divisions 3 and 6 of such section," to relate back to the language appearing in a former sentence, the subject matter of which was concluded and is set apart from proceedings mentioned in divisions 3 and 6 of the section. If it were the legislative intent to limit actions under division 3 of the section to a period which would begin at the date of the rendition of the judgment or order, it would have been carried into the first sentence of the section (§11640 GC). We are of opinion that:

"Proceedings for the causes mentioned in divisions 3 and 6 of such section must be commenced within three years * * * after the defendant has notice of the judgment."

That is to say, that the clause "after the defendant has notice of the judgment," relates to the adverbial phrases, "within three years," and "within two years," which phrases modify the verb "must be commenced." We recognize that the word "defendant" before "has notice of the judgment" makes our construction somewhat difficult.

In the instant action the vacation is sought by a plaintiff who claims to have had no notice of the judgment until after three years after its rendition. The present receiver, who is in privity with the former receiver, cannot be heard to say that he had no notice of the finding in an entry which recites the satisfaction of claims over the signature of counsel representing his predecessor receiver. Therefore, the construction of the second paragraph of §11640 GC is unimportant.

So much of our discussion as has gone on before is not responsive to the proposition of law urged by the plaintiff in error in his brief, although raised by the petition in error. It is his claim that part of the entry of April 9, 1931 which it is sought to strike from the entry, is not a judgment but a mere recitation of a representation to the court, which may be stricken upon proof that it is not in accord with the fact.

We have examined the pleadings with care. We find no issue drawn on the question whether or not Conrad Kipp, as guarantor on the note described in the petition, had satisfied the claims of The Citizens Loan & Savings Association of Greenville, Ohio, against the defendants, Daniel Bowman and Hettie Bowman and Conrad Kipp. There being no controversy or dispute on this question and no averment in any pleading which would be accepted as true because undenied, there was nothing for the court to adjudicate respecting the question.

In 33 C.J. 1152, it is said:

"Judgments based upon issues not made by the pleadings are coram non judice and void, * * *."

Cases supporting the statement are cited from twenty-eight states, including Ohio, in which Spoors v Coen, 44 Oh St, 497, is cited. As the reason for the rule it is said that the cases proceed upon the theory that a court has no jurisdiction to pass upon questions not submitted to it for decision.

1 Black on Judgments, §183:

"A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. A judgment not supported by the pleadings is as fatally defective as one not sustained by the verdict or finding." Citing Bachman v Sepulveda, 39 Cal., 688; Marshman v Conklin, 21 N. J. Eq., 546.

Monday v Vail, 34 N. J. Law, 418; 1 Black on Judgments, §242:

"Jurisdiction may be defined to be the right to adjudicate concerning the subject matter in a given case. To constitute this there are three essentials: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs. (2) The proper parties must be present and, third, the point decided must be in substance and effect, within the issue. (Emphasis ours). "A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment."

In no proper sense can a court of law be said to have jurisdiction if there is no specific question or controversy submitted for its determination. It is not enough that the parties are properly in court. That does not give the power to adjudicate any and all matters of difference between them.

"How can a court acquire jurisdiction of the particular contention, except it be clearly marked out and precisely defined by the pleadings of the parties and how can that be done in any mode known to the law, save by the formation of a legal issue? There is, therefore, plausible ground for holding that if the record fails to show an issue to be determined, the judgment will be void on its face." 1 Black on Judgments, §242.

Prior to the entry complained of, to-wit, of date January 20, 1931, a formal judgment was taken on behalf of the plaintiff receiver against Daniel Bowman, Hettie Bowman and Conrad Kipp, individually. When the language objected to in the entry of April 9, 1934 was set out, the judgment against Conrad Kipp individually was unreversed, unmodified and unsatisfied. Language is sufficient to constitute a judgment whatever words are employed, if it

clearly carries the intent and purpose of the court · to render a judgment upon a specific issue as in the entry of April 9, 1931.

"It is, therefore, ordered that Conrad Kipp, individually, have and recover of Daniel Bowman and Hettie Bowman the said sum of $11,945.58, etc."

This judgment was pronounced upon the premise that Conrad Kipp, guarantor on the note described in the petition, had satisfied the claims of The Citizens Loan & Savings Association of Greenville, Ohio. But, obviously, there was no order of the court that the judgment which was then in force and effect against Conrad Kipp. individually, had been satisfied, nor any order that it be released of record. The premise upon which such order could have been made was found in the satisfaction finding, but it was not followed up, nor used as a basis for such satisfaction judgment. Such judgments are recognized in the common law action of audita querela. In 33 C.J., 1192, it is said:

"The technical language in rendering a judgment is, if for the plaintiff, that 'It is considered by the court that the plaintiff do recover,' etc.

"The established precedents should be followed, but any other form of words of equivalent meaning will be sufficient, such as 'ordered, adjudged and decreed'."

Upon any test of the necessary language constituting a judgment, there is none in the entry under consideration respecting the satisfaction of the judgment or claims in behalf of the plaintiff against Conrad Kipp, individually. It follows, then, that the recital complained of in the entry of April 9, 1931, takes on only the significance of a receipt of satisfaction by the plaintiff. It does not attain to the dignity of a judgment and, in our opinion, was properly challenged in the petition to set aside and vacate, which was sufficient to bring to the attention of the court in which the entry was made the error in the satisfaction finding.

This position is supported by the case of **Wilson v Stillwell, 14 Oh St, 464,** where the court, upon motion after term, set aside an entry of satisfaction of a judgment wrongfully made. See also **Kinsella v De-Camp, 15 O.C.C., 494;** Leonard v Ross, 56 Okla., 118; Sneary v Nichols, 173 Pac. 366 (Okla.)

"The entry of satisfaction is only in the nature of a receipt. It may be explained, qualified, or even contradicted by parol evidence, at least where the entry is by act of the parties, rather than by order of the court." 34 C.J., 732; Black on Judgments, Vol. 2, §1016; Stewart v Armel, 62 Ind., 593.

"If an entry of satisfaction be made upon the record by mistake, by fraud or by falsely personating the plaintiff, the court, where the record is, has the undoubted right, upon proof of the facts and notice to the parties, to strike off such improper entry." Black on Judgments, Vol. 2, §1016; Russell, Receiver v Nelson, etc., (N. Y.) 1 NE 314; Ackerman v Ackerman, 44 N. J. Law. 173; State ex · Church v Young (Kan.), 4 Pac., 309; Bogle v Bloom (Kan.), 13 Pac., 793; McNeal v Hunt (Kan.), 50 Pac., 63.

We have discussed this case at considerable length because it presents an unusual and aggravated situation. The conduct of Conrad Kipp as disclosed by the record, and the transactions which he maneuvered, incident to the foreclosure and sale of the land described in the petition and settlement for the purchase price, must be resolved as constituting a fraudulent scheme, intended to defeat the Savings Association in its proceeding to recover money due from the Bowmans and Kipp, individually, on the note sued upon, and the language of the entry objected to was manifestly untrue.

To restate our conclusions, we are of opinion that if that portion of the entry of April 9, 1931, complained of, could in form be considered final judgment, it would not be binding on the parties, because it was not responsive to any issue raised on the pleadings and was, therefore, void. This determination, however, is not the proposition upon which we base our decision, which is that the language complained of is not a judgment but merely a recital of a finding of fact, and that there is no order of satisfaction of the personal judgment or of the claim of the plaintiff · in error against Conrad Kipp, individually; that the petition to set aside and vacate properly brought to the attention of the trial court the untruth and inaccuracy of the satisfaction finding, and that the court had jurisdiction, by reason of the averments of the petition, to grant the prayer of the petition; that so much of the entry complained of should be set aside and deleted; that an order should be made directing the clerk of courts of Darke County, Ohio, to correct the direct index of the records

of judgments in this cause to show the judgment rendered herein in favor of plaintiff in error against Conrad Kipp, individually, to be unsatisfied and uncancelled.

The court in which the entry originated is the proper court to correct it. The cause will be reversed and remanded for further proceedings according to law.

BARNES, PJ, and BODEY, J, concur.