[Cite as *McLaughlin v. Kiley*, 2014-Ohio-3539.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

RONALD L. MCLAUGHLIN,
ADMINISTRATOR

      Appellee

      v.

THOMAS KILEY AND KATHLEEN
KILEY-FEDERER

      Appellants

C.A. No.     14CA010540

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CJ042352

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

---

WHITMORE, Judge.

{¶1}　Appellants, Thomas Kiley and Kathleen Kiley-Federer, appeal from the judgment of the Lorain County Court of Common Pleas, modifying an entry of satisfaction and release of judgment. This Court affirms.

I

{¶2}　On January 5, 2010, Ronald McLaughlin, the administrator of the estate of Thomas J. Kiley, filed a certificate of judgment from the Cuyahoga County Probate Court in Lorain County Court of Common Pleas. The judgment was against Geraldine Demko in the amount of $26,000, Kathleen Kiley-Federer in the amount of $20,345.43, and Thomas Kiley in the amount of $14,526.80. In August 2011, the estate filed a satisfaction and release of judgment which said, "Judgment Lien Number 10 CJ 042352 filed on January 5, 2010 in Lorain County Common Pleas Court is satisfied."

**{¶3}** In September 2013, the estate filed a motion to correct the previously filed satisfaction and release. In McLaughlin's affidavit attached to the estate's motion, he attested that only Geraldine Demko had satisfied her judgment and only the lien against her should have been released. McLaughlin averred that the judgment against Kathleen Kiley-Federer and Thomas Federer[1] had not been satisfied and the liens against them should remain in effect. Thomas Kiley filed a memorandum in opposition, asserting that Demko, the mother of Kiley and Kiley-Federer, had settled the judgments against all of them. The court granted the estate's motion and corrected the prior entry "to reflect that the judgment is satisfied as to Defendant Geraldine Demko only. The judgment remains unsatisfied as to Defendants Kathleen Kiley-Federer and Thomas Federer."[2] Kathleen Kiley-Federer and Thomas Kiley, (collectively, "the Appellants"), now appeal and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO VACATE THE JOURNALIZED SATISFACTION AND RELEASE OF JUDGMENT AS IT PERTAINS TO APPELLANTS.

**{¶4}** In their sole assignment of error, the Appellants argue that the court erred in granting the estate's motion to correct the satisfaction of judgment filed in August 2011. Specifically, the Appellants argue that the estate must meet the Civ.R. 60(B) requirements to amend the satisfaction entry. We disagree.

---

[1] The judgment from Cuyahoga County Probate Court is against a Thomas Kiley, not a Thomas Federer. The motion to correct the release and satisfaction entry, and the affidavit attached to the motion, refer to a Thomas Federer.

[2] The court appears to have followed the estate's lead and used the incorrect name of Thomas Federer instead of Thomas Kiley.

{¶5} Civ.R. 60(B) allows a court to relieve a party from "*a final judgment, order, or proceeding*" under certain circumstances. (Emphasis added.) Civ.R. 60(B). A "final judgment" is defined as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." *Black's Law Dictionary* 859 (8th Ed.2004). "The entry of satisfaction is only in the nature of a receipt. It may be explained, qualified, or even contradicted by parol evidence, at least where the entry is by act of the parties, rather than by order of the court." *Kipp v. Bowman*, 20 Ohio Law Abs. 698, 702 (2d Dist.1935). *See also Colvin v. Abbey's Restaurant, Inc.*, 131 Ohio App.3d 439, 442-443 (9th Dist.1999) (A notice of partial satisfaction of judgment which was not signed, approved, or otherwise adopted by the trial court is not a final judgment, order, or proceeding within the meaning of Civ.R. 60(B).). *But see In re Dabbelt*, 3d Dist. Mercer No. 10-84-6, 1986 WL 5360. *3 (May 1, 1986) (Where a final order is predicated upon an entry of satisfaction, that satisfaction entry is a final judgment of the court and Civ.R. 60(B) applies.).

{¶6} In January 2010, the estate filed a judgment lien against Geraldine Demko and the Appellants. In August 2011, the estate filed a satisfaction and release of judgment. The entry, signed only by the estate's attorney, states that the judgment lien filed in January 2010 has been satisfied. This satisfaction entry is not a final judgment, order, or proceeding of the court. Instead, the entry of satisfaction is "in the nature of a receipt," which may be corrected if shown to be erroneous. *Kipp* at 702.

{¶7} In September 2013, the estate filed a "Motion To Correct The Judgment Lien Satisfaction" and attached an affidavit of McLaughlin, the administrator of the estate. In his affidavit, McLaughlin averred that the satisfaction entry previously filed was incorrect and that

the judgment against the Appellants remained unsatisfied. Based on this information, the court was permitted to allow the estate to correct its previous filing. *See id.* Kiley argued in his memorandum in opposition that the judgment against the Appellants had been satisfied pursuant to a settlement agreement. Assuming arguendo that this is true, Kiley's remedy would be a motion to enforce the settlement agreement. *See Colvin* at 443.

{¶8} The satisfaction and release entry filed by the estate was not an order of the court, and therefore, Civ.R. 60(B) is not applicable. The court did not err in allowing the estate to correct its previous filing, despite the estate not meeting the requirements of Civ.R. 60(B). The Appellants' sole assignment of error is overruled.

III

{¶9} The Appellants' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JAMES D. INGALLS, Attorney at Law, for Appellants.

RONALD L. MCLAUGHLIN, pro se, Appellee.