[Cite as *Carlson v. Cincinnati*, 2022-Ohio-1513.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RICK CARLSON, | : | APPEAL NO. C-210238 |
| | | TRIAL NO. A-1703713 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CITY OF CINCINNATI, | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| vs. | : | |
| | | |
| TUSCAN HILLSIDE DEVELOPMENT, LLC, et al., | : | |
| | | |
| Third-Party Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 6, 2022

*Hilton Parker LLC*, *Jonathan L. Hilton* and *Geoffrey C. Parker*, for Plaintiff-Appellee,

*Andrew W. Garth*, City Solicitor, *Erica Faaborg* and *David M. Laing*, Assistant City Solicitors, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   This is the second appeal in a civil action involving the city of Cincinnati and property owners from the same family who were found liable in 2019 for money damages related to those properties. The city of Cincinnati appeals the order of the Hamilton County Court of Common Pleas striking a postappeal filing by the city seeking to correct an undetected error in the record related to which family member's financial obligation arising from the 2019 judgment had been satisfied before the first appeal was taken.  For the reasons that follow, we reverse the trial court's order and remand the cause for further proceedings.

## I.     Background Facts and Procedure

{¶2}   In 2017, appellee Rick Carlson ("Rick") began this civil action by seeking to stay the city's demolition of a vacant building on one of his properties.  The city responded by filing counterclaims against Rick, and third-party claims against Rick's business entity, Tuscan Hillside Development, LLC, and Rick's children, Daisy Carlson ("Daisy"), Noah Carlson, and Jeremiah Carlson ("Jeremiah"), collectively the "Carlson defendants." *See Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, ¶ 2 ("*Carlson I*").  The city's claims involved unpaid civil fines, costs incurred by the city for services such as stabilizing numerous properties, and unpaid "Vacated Building Maintenance License" ("VBML") fees.  Rick and the other Carlson defendants were jointly represented by counsel.

{¶3}   The trial court granted partial summary judgment to the city that included an individual judgment against Rick in an amount over $100,000, as well as individual money judgments against the other Carlson defendants.

{¶4}  After the trial court entered its decision granting partial summary judgment to the city, the city, following the procedure of R.C. 2329.02, obtained five certificates of judgment and created liens on the Carlson defendants' real estate in the amount of the judgments.  The Carlson defendants, acting without counsel, filed a document under the original case number of A-1703713 attempting to obtain lien releases in exchange for escrowing deposit money to pay the judgments.  The trial court struck that document.

{¶5}  Months later, the city settled with Daisy and filed a document ("entry of satisfaction" or "original entry of satisfaction") under the original case numbered A-1703713 intending to give notice that Daisy had satisfied the judgment and requesting that the clerk release the lien of the judgment recorded in the judgment docket under the case numbered CJ18020531.  However, the entry of satisfaction reads: "the judgment against the Petitioner-Counterdefendant Rick Carlson is satisfied."  The certificate of service attached to the entry of satisfaction mentioned Rick and counsel for the Carlson defendants, but did not name Rick's daughter Daisy.

{¶6}  About one month later, on October 23, 2019, after the dismissal of all remaining claims, including Rick's, the trial court entered a final judgment in the case numbered A-1703713.  The Carlson defendants jointly appealed that final judgment. The appeal was assigned the case number C-190631, and the Hamilton County Court of Common Pleas clerk certified the record in the case numbered A-1703713 to this court.  The record of the separate certificate of judgment docket was not certified to this court.

{¶7}  The Carlson defendants raised several assignments of error, one relating only to Rick.  At oral argument, the appellate panel asked counsel for the

3

parties why Rick's appeal was not moot when the record contained an entry of satisfaction with respect to his obligation. Counsel appeared confused and indicated their belief that Daisy, not Rick, had satisfied the judgment and obtained a lien release. No party sought leave to correct the record. *See* Civ.R. 60(A).

{**¶8**} Following our duty to examine our own jurisdiction over an appeal, this court in its written opinion in *Carlson I* noted that a voluntary satisfaction of a judgment ends the controversy and renders an appeal from the judgment moot. *Carlson I* at ¶ 10. Because the record certified to this court showed the city's judgment against Rick had been voluntarily satisfied, we did not reach the merits of Rick's appeal. *Id.* at ¶ 12-13. This included Rick's assertion of a clerical error in the trial court's entry with respect to the amount of the judgment against him, an error the city conceded. *Id.* at ¶ 13.

{**¶9**} This court did reach the merits of the appeals brought by the other Carlson defendants. We held those appeals meritless except for one argument relating to the judgment against Jeremiah on claims filed outside the statute of limitations. *Id.* at ¶ 20, 27, and 37. We reversed the part of the judgment requiring Jeremiah to pay $2,800 for a July 2011 VBML fee and late fee, affirmed the remainder of the trial court's judgment, and remanded the cause to the trial court to enter a judgment consistent with our opinion. *Id.* at ¶ 39.

{**¶10**} Subsequently, the city asked this court to reconsider our decision on the ground that the entry of satisfaction in the record contained the certificate of judgment docket number related to Daisy but inaccurately identified Rick as the party whose obligation had been satisfied. We denied the application, which failed to establish a ground for reconsideration that was manifested in the record. *See, e.g., State v. Black*,

78 Ohio App.3d 130, 132, 604 N.E.2d 171 (1st Dist.1991), citing *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981) (The court of appeals may reconsider a judgment or order entered in an appeal, if the App.R. 26(A) application for reconsideration calls to the court's attention either an obvious error in its decision or an issue that the court did not, or did not fully, consider).

{¶11}   At the same time, the city filed in the trial court a document seeking to correct the record.  That document (" 'amended' entry of satisfaction") sought to amend the entry of satisfaction by removing Rick's name and substituting Daisy's. When Rick moved the trial court to strike that "amended" entry of satisfaction, the assistant city solicitor filed an affidavit and a memorandum in the trial court explaining the need to correct an inaccuracy in the entry of satisfaction to avoid an injustice.  As a result of the mistake, the city lacked the ability to execute on the judgment against Rick, but retained the ability to execute on the judgment against Daisy, a judgment that had actually been satisfied and that was in an amount significantly less than the judgment against Rick. Rick did not rebut the assistant city solicitor's affidavit but argued the city could not correct the mistake at this point in the case.

{¶12}  The trial court granted Rick's motion to strike the "amended" entry of satisfaction, concluding that the law-of-the-case doctrine prevented the correction of the entry of satisfaction.  The city timely appeals that order, raising one assignment of error challenging the granting of the motion to strike.

## II.   Analysis

### A.  Standard of Review

5

**{¶13}** On the surface, this appeal involves a trial court's discretion to strike a filing by a party. "Trial courts have inherent power to manage their own dockets." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. Thus, ordinarily a trial court's decision to grant a motion to strike a filing not related to any specific procedure will be reviewed for an abuse of discretion. "Absent an abuse of discretion, a trial court's decision to grant a motion to strike will not be overturned on appeal." *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. Franklin Nos. 14AP-533 and 14AP-543, 2015-Ohio-3567, ¶ 11, quoting *Embry v. Admr., Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP-1374, 2005-Ohio-7021, ¶ 12.

**{¶14}** Trial courts, however, do not have discretion to make errors of law. *See Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 39. We review legal issues de novo. *Id*. at ¶ 38.

### B. Law-of-the-Case Doctrine

**{¶15}** The first issue presented by this appeal involves the law-of-the-case doctrine. The trial court struck the city's "amended" entry of satisfaction after determining the law-of-the-case doctrine prevented correction of the record. Under the law-of-the-case doctrine, "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The doctrine, designed to afford consistency in results, to prevent endless litigation, and to respect the hierarchy of courts, is limited to issues already resolved. *See id*. at ¶ 14-16;

*Banker's Choice, LLC v. Zoning Bd. of Appeals*, 1st Dist. Hamilton No. C-200117, 2021-Ohio-1206, ¶ 16.

**{¶16}** Importantly, where the aggrieved party relies on facts added to the record after the appellate court rendered its decision, the law-of-the-case doctrine does not apply. *See, e.g., Standard Oil Co. v. United States*, 429 U.S. 17, 18, 97 S.Ct. 31 (1976) (the district judge does not "flout[] the mandate" of the appellate court by acting on a Civ.R. 60(b) motion to set aside the judgment after an appeal); *Azem* at ¶ 16*,* quoting *Nolan* at 3 (" 'where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.' "); *State v. Deloney*, 1st Dist. Hamilton No. C-190372, 2019-Ohio-5213, ¶ 9 ("The law-of-the-case doctrine does not apply when the subsequent proceedings involve different evidence or different legal issues.").

**{¶17}** Although the city did not artfully frame the issue, it argues now, as it did in the trial court, that the facts presented in the two records are not the same, and therefore, the law-of-the-case doctrine did not preclude relief. Rick argues, as he did in the trial court, that the addition of the assistant city solicitor's affidavit to the record does not matter. According to Rick, the affidavit is irrelevant because the parties in the first appeal "represented" to this court that the entry of satisfaction contained an error yet this court deemed Rick's appeal moot and denied the city's application for reconsideration.

**{¶18}** The addition of the affidavit does matter. Our record in the first appeal was limited to (1) the original papers and exhibits filed in the case numbered A-1703713, the case appealed, (2) the transcript of proceedings, and (3) a certified copy

7

of the docket and journal entries prepared by the clerk of the trial court. *See* App.R. 9(A). This record undisputedly showed only that Rick had satisfied his obligation to the city. Our judgment related to the record and issues then before the court, and did not purport to address potential future events such as the city's actions in the trial court to correct the record. We note that in the application for reconsideration the city did not request a limited remand and no affidavit accompanied the application.

{¶19} Unlike the record in the first appeal, the record now shows that the entry of satisfaction contains a scrivener's error and is inaccurate with respect to the satisfaction of judgment. Under these facts, the law-of-the-case doctrine did not preclude the trial court from granting relief to the city. Thus, the trial court struck the city's "amended" entry of satisfaction on an erroneous basis.

### C. Postappeal Correction of the Entry of Satisfaction

{¶20} The second issue presented by this appeal is the proper procedural device for correction of the record. The record now contains (1) a proposed "amended" entry of satisfaction, (2) a memorandum advancing the argument that it would be unjust to allow the record to stand, and, of great importance, (3) an unrebutted affidavit demonstrating the entry of satisfaction contains a mistake. Based on these documents, it is clear that the original entry of satisfaction erroneously indicates that Rick satisfied his obligation to the city, seeks the release of a lien noted in the certificate of judgment docket number associated with Daisy, not Rick, and fails to indicate that Daisy satisfied her obligation to the city.

{¶21} Ohio courts have held that a trial court, when it is equitable to do so, can order an entry of satisfaction of a judgment wrongfully made to be set aside and vacated on motion and proof by affidavit. *See Wilson v. Stilwell*, 14 Ohio St. 464,

(1863), paragraph one of the syllabus and 471; *McLaughlin v. Kiley*, 9th Dist. Lorain No. 14CA010540, 2014-Ohio-3539, ¶ 5, 7-8; *Ross v. Stricker*, 85 Ohio App. 56, 88 N.E.2d 80 (1st Dist.1949), *rev'd on other grounds*, 153 Ohio St. 153, 91 N.E.2d 18 (1950). *See also* Civ.R. 60(A) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.").

{¶22} Rick maintains that the city must do more than file an affidavit to amend the entry of satisfaction, even though that document was signed only by a party and not by the court. According to Rick, the city must satisfy the requirements of Civ.R. 60(B).

{¶23} Civ.R. 60(B) is a procedural rule "requir[ing] the court to carefully consider the two conflicting principles of finality and perfection." *Strack v. Pelton*, 70 Ohio St.3d 172, 175, 637 N.E.2d 914 (1994), citing *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145, 493 N.E.2d 1353 (1986).

{¶24} On its face, the provisions of Civ.R. 60(B) apply only to relief from "a final judgment, order, or proceeding." In other words, the rule is directed to judicial acts, not acts by parties. Here, the trial court did not sign the entry of satisfaction filed by the city.

{¶25} At least one court has held that where a notice of satisfaction of judgment filed by a party has become "inextricably intertwined" with a judgment, it

9

may only be modified by a motion that satisfies the requirements of Civ.R. 60(B). *See In re Dabbelt*, 3d Dist. Mercer No. 10-84-6, 1986 Ohio App. LEXIS 6663 (May 1, 1986).

{¶26} *Dabbelt* involved a disagreement that occurred over the accounting that a father as guardian of his son provided to his son when the son attained the age of 21 and the parents were divorcing. The probate court journalized an entry detailing a comprehensive settlement agreement between the son, his mother, and his father guardian. That agreement conditioned the termination of the guardianship and the release of the father guardian from further liability upon the son's filing of a notice satisfaction of judgment. The son timely filed a satisfaction of judgment and thereby authorized the clerk of the court to release and discharge the surety bond given by the guardian father. Almost 20 years later, the son moved to withdraw the entry of satisfaction. The trial court applied the requirements of Civ.R. 60(B) to the motion and denied relief.

{¶27} On appeal, the Third District Court of Appeals concluded that Civ.R. 60(B) was applicable, even though the entry of satisfaction was signed only by the judgment creditor—the son—and did not involve a judicial act. The court reasoned that the motion attacking the satisfaction of judgment was "inherently and inextricably intertwined" with the "scope of the judgment of the trial court" such that the "[a]ction to vacate the satisfaction [would] necessarily also vacate or at the very least modif[y] the termination of the guardianship." The court concluded, therefore, that the son's motion necessarily sought relief from "judgment." *Id.* at *9.

{¶28} The facts of this case are analogous to those in *Dabbelt*. This court deemed Rick's appeal moot because the entry of satisfaction in the record showed the trial court's final judgment for the city and against Rick in an amount over $100,000

10

had been satisfied. Practically speaking, the entry of satisfaction had the legal effect of modifying the $100,000 plus judgment against Rick to a judgment of zero. Any action to vacate or amend the entry of satisfaction would necessarily reinstate the $100,000-plus judgment against Rick. Thus, we conclude the entry of satisfaction became "inherently and inextricably intertwined" with the trial court's final judgment that set forth Rick's obligation to the city.

{¶29} Because the entry of satisfaction became inextricably intertwined with the trial court's final judgment, the modification sought by the city cannot be accomplished by use of procedures to correct a simple clerical-type of error. Modification of the final judgment involving Rick requires the city to meet the standards of Civ.R. 60(B). *See Dabbelt*, 3d Dist. Mercer No. 10-84-6, 1986 Ohio App. LEXIS 6663.

{¶30} Under Civ.R. 60(B), a final judgment may be vacated or modified by reason of (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct, (4) satisfaction, release or discharge of the judgment or (5) any other reason justifying relief from the judgment. Civ.R. 60(B). "Mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances it is equitable to do so." *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1224 (6th Cir.1991), citing 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, Section 2858 (1973) (applying similarly worded Fed.R.Civ.P. 60(b)(1)).

{¶31} To prevail on a motion to relieve a party from a final judgment, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60 (B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶32}** Although the city did not file a document in the trial court that was labeled a "Civ.R. 60(B) motion," the city's actions in substance invoked the trial court's power under Civ.R. 60(B) to relieve the city from the operation of a claimed unjust judgment for the reasons set forth in Civ.R. 60(B)(1). To that end, after we issued our written decision in *Carlson I*, the city filed documents in both this court (inappropriately) and the trial court seeking to modify the entry of satisfaction on the grounds that it contained a scrivener's error not corrected by the parties. Upon Rick's opposition, the city requested a hearing on the matter. Consequently, we consider the city's October 2, 2020 filing in the trial court as a Civ.R. 60(B)(1) motion for relief from judgment.

**{¶33}** Notably, the city's request for relief was made within one year of the trial court's entry of final judgment in 2019, satisfying the one-year limitation of Civ.R. 60(B)(1). Thus, we remand the cause for the trial court to determine, in its discretion, if the city's motion was made within a reasonable time, and whether the judgment, meaning the final judgment as modified by the inaccurate entry of satisfaction, should be amended to correct an unjust result.

**{¶34}** On remand, if the trial court grants the city relief, thereby reinstating the judgment against Rick by substituting Daisy's name in the entry of satisfaction, the trial court shall correct any clerical errors in the amount of Rick's obligation before

12

entering a final judgment. *See Carlson I*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, at ¶ 13. If the court declines to grant the city relief, the court should strike the city's "amended" entry of satisfaction. That filing has no legal effect absent action by the trial court allowing for modifying the original entry of satisfaction. Further, although this court has no jurisdiction at this time to order a correction in the certified judgment docket, we remind the parties of the need for accuracy in public records, especially those involving liens on lands.

{¶35} Finally, we address Rick's argument that the city's failure to appeal our decisions in *Carlson I* (the direct appeal and denial of the application for reconsideration) precluded the city from seeking further review of any issue disposed of by this court, including which party's judgment was satisfied. Undoubtedly, Civ.R. 60(B) cannot be used as a substitute for a timely appeal. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. But Rick's reliance on that rule is misplaced in this case because the necessary facts to explain the city's entitlement to relief were not found on the record this court reviewed in *Carlson I*.

## Conclusion

**{¶36}** In light of the foregoing analysis, we sustain the city's assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion