GENERAL ELECTRIC COMPANY, APPELLANT, *v.* DECOURCY,
AUDITOR, ET AL., APPELLEES.

(No. 79-21—Decided November 28, 1979.)

*Messrs. Beirne & Wirthlin, Mr. C. R. Beirne,* and *Mr. Michael A. Fulton,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Robert W. Worth,* for appellees.

SWEENEY, J. The issue presented by this cause is whether the appellant is entitled to interest on real estate taxes illegally or erroneously assessed against and paid by it. The taxes involved herein were invested by appellees for a period of time before refunding them to appellant, and the interest obtained by the county amounted to $50,958.87.

The trial and appellate courts herein denied appellant's right to interest based primarily on *State, ex rel. Cleveland Concession Co.,* v. *Peck* (1954), 161 Ohio St. 31, the syllabus of which reads as follows:

"Where, as a result of a proceeding under Section 5546-8, General Code (Section 5739.07, Revised Code), a party recovers a refund of sales taxes illegally or erroneously paid by him, he is not entitled to recover interest on the amount of such refund."

The court therein stated further, at page 37, that:

"Since a recovery against the state for sales taxes illegally or erroneously assessed and paid can be had only by virtue of the legislative enactment authorizing such recovery, the recovery is limited by the provisions of the statute and cannot be extended beyond those provisions. Since the enactment in Ohio does not provide for the payment of interest on a refund of such taxes, since relator received full recovery of taxes illegally or erroneously assessed and paid, that being the full limit of its recovery under Section 5546-8, General Code (Sec-

tion 5739.07, Revised Code), and since there is no provision for the payment of interest on the amount recovered, relator is not entitled to recover such interest."

The refund of taxes to appellant in the instant cause was in accordance with R. C. 5715.22, which section likewise makes no provision for the payment of interest, but merely for the remittance of those real property taxes paid by the taxpayer in excess of the amount due.

In the absence of statutory authority, the tax collector, in his role as trustee of public funds, can not disburse any such funds beyond the bounds of his statutorily created trust.

Appellant contends that the holding in *Cleveland Concession Co., supra,* was based almost solely on the rationale of the Wisconsin Supreme Court in *Schlesinger* v. *State* (1928), 195 Wis. 366, 218 N.W. 440. Since that court has since repudiated the *Schlesinger* holding (see *Milwaukee* v. *Firemen's Relief Assn.* [1969], 42 Wis. 2d 23, 165 N.W. 2d 384), General Electric argues that we should likewise overturn *Cleveland Concession Co.*

However, appellant fails to mention that the General Assembly amended R. C. 5715.22 in 1974, leaving it in substantially unchanged form, more than 20 years after *Cleveland Concession Co.* was decided. Being aware of that opinion, yet maintaining its silence on the subject of interest, we must assume that the General Assembly still intends that interest should not be recoverable in such a situation. This intention is further supported by the fact that, while it has maintained its silence in the area of real estate taxes, the legislature has specifically provided for interest on overpayments of the corporate franchise tax, sales tax and use tax. See R. C. 5733.26, 5739.132 (B) and 5741.10, respectively.

In this regard, General Electric contends that denial of interest on refunds of real property taxes illegally or erroneously collected constitutes a violation of the equal protection guarantees of both the federal and state Constitutions. Appellant maintains there is no rational basis for, on the one hand, allowing the recovery of interest on refunded corporate franchise taxes, sales taxes and use taxes, but yet precluding such recovery on refunded real estate taxes.

"All taxpayers *similarily situated* are entitled to equality of treatment under any Ohio tax law." *Youngstown Sheet & Tube Co.* v. *Youngstown* (1951), 91 Ohio App. 431, 435. (Emphasis added.) However, the legislature retains broad discretion in determining classifications for taxation, and distinctions in treatment between various classes is not violative of equal protection unless there is no rational basis for such differences. See *Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522.

We find that such a rational basis does exist to support the legislative choice to allow the recovery of interest in some instances, but not in the present one. Sales, use, and corporate franchise taxes are collected and administered on a state-wide basis and are relatively easy to determine. However, the collection of real property taxes is controlled by county authorities, and these taxes are based upon values which may vary depending on the local appraiser. Thus, the General Assembly may have felt that the obligation of paying interest on refunded taxes would be a greater burden on local authorities than on the state treasurer, in many instances.

Since the recovery of interest is not allowed by statute, and further, because we find no constitutional violations, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and LOCHER, JJ., concur.

HOLMES, J., dissenting. Even though I joined the majority in *Lewis* v. *Benson* (1979), 60 Ohio St. 2d 66, denying interest on an award for back pay where there was no statutory provision for such, I must respectfully dissent from the opinion of the majority herein because of the factual circumstances of this case.

I am aware that the General Assembly has specifically provided for the payment of interest upon overpayment of the corporate franchise tax, the sales tax, and the use tax, while failing to accordingly amend R. C. 5715.22 relative to the reimbursement of interest on overpayments of real estate tax. In this regard I must state that I seriously question the rational basis for such differing treatment of these tax-

payers. However, I do not base my position upon any claim of unconstitutionality of this law. More pointedly, I premise my stance upon what I believe to be unjust enrichment of the taxing authority.

The facts presented within this case show that there is no disagreement that these tax monies were invested for a period of time before the refunding of the overpayments, and the interest obtained by the county from the use of this overpayment was $50,958.87.

Ohio counties, as well as the state of Ohio, operate as do private business entities in regularly investing idle funds at favorable interest rates whenever possible. Therefore, counties could reasonably repay to the taxpayer any such interest gained on the funds of the taxpayer unlawfully collected.

The fact that there is no statute allowing any such payment of interest on overpayments of real estate taxes is no real indication that the General Assembly would disfavor such, in instances such as this where proof is submitted as to the earnings gained by the county upon such overpayment. In my view the county in such instances has been unjustly enriched and should compensate the taxpayer to the amount of such unjust enrichment.

Based upon this reasoning, I would reverse.