[Cite as *Musial Offices, Ltd. v. Cuyahoga Cty.*, 2022-Ohio-1944.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MUSIAL OFFICES, LTD.,                       :

    Plaintiff-Appellee,              :

                                              No. 110974

    v.                               :

COUNTY OF CUYAHOGA,                         :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED IN PART;
                AND REMANDED
**RELEASED AND JOURNALIZED:**  June 9, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-11-746704

***Appearances:***

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, Nicole
T. Fiorelli and Richard N. Selby; The Robenalt Law Firm,
Inc., and Thomas D. Robenalt, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and David G. Lambert, Nora E. Poore and
Kenneth M. Rock, Assistant Prosecuting Attorneys;
Roetzel & Andress, LPA, and Stephen W. Funk, *for
appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1}  Defendant-appellant County of Cuyahoga ("Cuyahoga County")

appeals from the November 1, 2021 judgment of the trial court and contends that

the trial court failed to include statutory language, wrongfully granted post-judgment interest and failed to include terms addressing the disbursement of the funds to the class members and the attorney fees. We find that Cuyahoga County's first assignment of error contests the law of the case. We sustain Cuyahoga County's second assignment of error, overrule Cuyahoga County's third and fourth assignments of error and remand this case to the trial court to enter judgment in favor of plaintiff-appellee Musial Offices, Ltd. consistent with this opinion.

## I.   Factual and Procedural Background

{¶ 2}   This is the fifth time this case has come before this court for review. This court's most recent opinion sets out the facts of this case to the date of that decision. *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 2020-Ohio-5426, 163 N.E.3d 84, ¶ 4-20 (8th Dist.). Appellee sought to recover alleged overpayments of property taxes on its behalf as well as a class of taxpayers who allegedly overpaid. Following a bench trial with an advisory jury, the trial court granted appellee judgment on its unjust enrichment claim in the amount of $3,927,385.91, while denying appellee judgment on its illegal taxation claim. The trial court also awarded pre- and post-judgment interest, awarded a $25,000 incentive fee to the named plaintiff, awarded attorney fees in the amount of 50 percent of the judgment and retained jurisdiction over the disbursements to the class.

{¶ 3}   On July 9, 2020, this court reversed the trial court's judgment awarding $3,927,385.91 on plaintiff's claim for unjust enrichment and remanded the case to the trial court with the following language:

The trial court's judgment is affirmed in part and reversed in part. We remand the case to the trial court to enter the amount of previously determined damages on the plaintiffs' unlawful taxation claim along with previously determined amount of prejudgment interest.

**{¶ 4}** Cuyahoga County then filed a motion for reconsideration specifically challenging both the judgment on the illegal taxation claim and the award of pre-judgment interest affirmed by the panel in the first opinion.

**{¶ 5}** On November 25, 2020, the panel granted the motion for reconsideration, vacated the original opinion and issued a new journal entry and opinion with the following language:

> The trial court's judgment is affirmed in part and reversed in part. We remand the case to the trial court to enter judgment in favor of plaintiffs in the amount of $3,927,385.91 on the plaintiffs' illegal taxation claim. The trial court is further instructed to vacate the award of prejudgment interest since such an award is not authorized on an illegal taxation claim.

*Musial*, 2020-Ohio-5426, 163 N.E.3d 84, at ¶ 88. Cuyahoga County sought review of this decision before the Supreme Court of Ohio which declined jurisdiction. *05/11/2021 Case Announcements*, 2021-Ohio-1606. The Supreme Court of Ohio also denied a motion for reconsideration on July 20, 2021. *07/20/2021 Case Announcements*, 2021-Ohio-2401.

**{¶ 6}** On remand, Cuyahoga County moved the trial court to enter judgment which included a provision stating that "Plaintiffs may only collect their judgment from the tax dollars paid by them that remain 'unexpended and in the possession' of the County Treasurer[.]" Cuyahoga County also moved that "no post-

judgment interest should be awarded * * * because R.C. Chapter 2723 does not authorize post-judgment interest[.]"

{¶ 7} The trial court entered a judgment entry which summarized this background and concluded with the following paragraphs:

> The appellate proceedings having now concluded, in accordance with the instructions on remand, the following judgment entry is made:
>
> Judgment is hereby entered on the cause of action for illegal taxation in favor of the plaintiff class and against defendant the County of Cuyahoga in the amount of $3,927,385.91 with interest at the statutory rate beginning on the date of judgment plus court costs. Any language to the contrary in the judgment entry of the trial court journalized on March 23, 2018, is hereby vacated.

{¶ 8} Cuyahoga County appeals and assigns the following errors for our review:

> Assignment of Error No. 1: The trial court erred by issuing a final judgment entry upon remand that failed to include certain language requested by Cuyahoga County to state that the judgment is subject to the statutory limitation on judgments set forth in Ohio Revised Code Section 2723.05, and to find that none of the taxes remained unexpended and in possession of the county at the time of the judgment.
>
> Assignment of Error No. 2: The trial court erred by awarding postjudgment interest on the illegal taxation claim.
>
> Assignment of Error No. 3: The trial court erred by entering a final judgment upon remand that failed to include language to supervise the disbursement of funds to class members and to return any unclaimed funds to Cuyahoga County.
>
> Assignment of Error No. 4: The trial court erred by entering a final judgment upon remand that failed to specify the amount of attorneys' fees to be paid to class counsel out of the judgment.

## II. Law and Analysis

{¶ 9} This court previously determined the damages and judgment for appellee's illegal taxation claim and we will not revisit that judgment in this appeal. The trial court's entry on remand did not abrogate terms consistent with terms in the previous entry. However, the previous entries did not decide the availability of post-judgment interest with respect to appellee's illegal taxation claim and appellee provides no statutory support for post-judgment interest.

> Assignment of Error No. 1: The trial court erred by issuing a final judgment entry upon remand that failed to include certain language requested by Cuyahoga County to state that the judgment is subject to the statutory limitation on judgments set forth in Ohio Revised Code Section 2723.05, and to find that none of the taxes remained unexpended and in possession of the county at the time of the judgment.

{¶ 10} Cuyahoga County's first assignment of error is foreclosed by the law of the case.

{¶ 11} "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1. "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues[.]" *Id.* at ¶ 14. As a result, the law-of-the-case doctrine precludes arguments "which could have been pursued in a first appeal." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.*, 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998).

{¶ 12} This court determined that the plaintiffs were entitled to a judgment in their favor "in the amount of $3,927,385.91 on the plaintiffs' illegal taxation claim." *Musial*, 2020-Ohio-5426, 163 N.E.3d 84, at ¶ 88. The previous panel vested the plaintiff's right to recovery in R.C. 5715.22: "Therefore, Musial and the members of the plaintiffs' class were entitled to credits, pursuant to R.C. 5715.22, of the amounts they overpaid for the 2009, 2010, and 2011 tax years even though they dutifully made those payments without protest." *Id.* at ¶ 64. That panel reached this conclusion in response to Cuyahoga County's argument that the procedural requirements of R.C. 2723.03 prevented recovery on appellee's claim for illegal taxation. Cuyahoga County's argument that R.C. 2723.05 prevents recovery by appellee could have been raised before the previous panel.

{¶ 13} Further, this aspect of the previous ruling was the basis for the second proposition of law in Cuyahoga County's memorandum in support of jurisdiction before the Supreme Court of Ohio.

{¶ 14} Additionally, as noted by appellee, Cuyahoga County made this exact argument before the trial court before the prior appeal in Cuyahoga County's motion for judgment on the pleadings filed March 5, 2015. Ergo, this argument could have easily been raised before the previous panel in response to appellee's cross-appeal. Having failed to do so, it is now the law of the case.

{¶ 15} A prior panel ruled on this issue and the Supreme Court of Ohio has declined jurisdiction over the issue. We will not now revisit it.

Assignment of Error No. 3: The trial court erred by entering a final judgment upon remand that failed to include language to supervise the disbursement of funds to class members and to return any unclaimed funds to Cuyahoga County.

Assignment of Error No. 4: The trial court erred by entering a final judgment upon remand that failed to specify the amount of attorneys' fees to be paid to class counsel out of the judgment.

{¶ 16} The third and fourth assignments of error will be addressed together. This court, in its previous opinion, reversed the trial court in part and affirmed it in part. The trial court had a limited remand which constrained its jurisdiction. "The remand order gives the trial court jurisdiction to carry out the directive of the court of appeals. The trial court is without authority to extend or vary the mandate given by the appellate court." *State v. Harper*, 10th Dist. Franklin No. 06AP-733, 2007-Ohio-2590, ¶ 13. *See also State v. Grayson*, 8th Dist. Cuyahoga No. 106578, 2019-Ohio-864, ¶ 29 (trial court exceeded jurisdiction where it resentenced defendant on remand for counts where this court had affirmed the sentence.).

{¶ 17} In this case, the prior panel affirmed the language providing for the supervision of the class funds and the award of attorney fees. *Musial*, 2020-Ohio-5426, 163 N.E.3d 84, at ¶ 19, 80. In that opinion, the mandate did not include any change to the attorney fees award or to the court supervision of the disbursement of funds. *Id.* at ¶ 88. Accordingly, the trial court had no jurisdiction to change either provision of the previous judgment.

{¶ 18} The trial court's entry of November 1, 2021, adopted the language expressly approved of by this court's prior panel. Further, that entry expressly

limited its vacation of the prior judgment to the extent it was "contrary[.]" This statement implies that the language in the prior entry was not vacated to the extent it was consistent with the November 1, 2021 entry. In context, this entry functions as an amendment to the previous entry.

{¶ 19} We overrule appellant's third and fourth assignments of error.

Assignment of Error No. 2: The trial court erred by awarding postjudgment interest on the illegal taxation claim.

{¶ 20} Considering the second assignment of error, Cuyahoga County argues that there is no statutory authorization for post-judgment interest. Appellee contends that this claim is foreclosed by the law of the case.

{¶ 21} The trial court's judgment entry of April 16, 2019, leading to the previous appeal expressly awarded interest "at the statutory rate from February 28, 2018 * * * until paid[.]" Accordingly, this entry granted judgment for both pre- and post-judgment interest. However, that judgment for interest was for the appellee's claim for unjust enrichment, and the prior panel reversed that judgment returning the case to the trial court to enter judgment in the amount of damages on the illegal taxation claim of $3,927,385.91 and vacated the award of prejudgment interest. This remand mandate made no express statement with respect to the award of post-judgment interest.

{¶ 22} Nothing in the previous judgment of the panel explicitly established or denied an entitlement to post-judgment interest. "'[T]he doctrine of law of the case comes into play *only* with respect to issues previously determined[.]'"

(Emphasis added.) *Giancola*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, at ¶ 16, quoting *Quern v. Jordan*, 440 U.S. 332, 347, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), fn. 18. The prior panel returned the case to the trial court to enter judgment. Not until that judgment was entered in favor of the appellee was the issue of post-judgment interest ripe for review.[1] The law-of-the-case doctrine does not apply to this issue.

{¶ 23} Cuyahoga County argues that the award of post-judgment interest contradicts longstanding precedent that the absence of a statutory provision "precludes the taxpayer from recovering such interest[.]" *Gen. Elec. Co. v. De Courcy*, 60 Ohio St.2d 68, 68, 397 N.E.2d 397 (1979), syllabus. In that case, the taxpayer was assessed taxes on an erroneous, higher basis. The error resulted in higher taxes charged to the taxpayer. The taxpayer demanded interest on the excess payments. The Supreme Court of Ohio held that there was no provision in R.C. 5715.22 that authorized the recovery of interest. Appellee's sole argument on appeal is that the post-judgment interest award is law of the case. Appellee does not cite to any statutory provision that would support an award of post-judgment interest.

---

[1] This may be contrasted with Cuyahoga County's first assignment of error in that the illegal taxation claim there was the subject of appellee's cross-appeal in the previous case. If Cuyahoga County had an alternative theory for why the trial court was correct to grant it judgment on the illegal taxation claim, then Cuyahoga County should have raised it in that appeal. Further, the parties in that case expressly raised and litigated the relevant factual question, i.e., whether the money was still within the possession of Cuyahoga County. *Musial*, 2020-Ohio-5426, 163 N.E.3d 84, at ¶ 42.

**{¶ 24}** Having rejected appellee's argument that this issue is law of the case, we find *De Courcy* controlling and sustain Cuyahoga County's second assignment of error.

**{¶ 25}** Accordingly, we affirm in part, reverse in part and remand this case to the trial court to enter final judgment in favor of the appellee class consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR